Lee WOOD, Jr., Appellant,

v.

STATE of Missouri, Respondent.

No. 62566.

Missouri Court of Appeals,
Eastern District,
Division Four.

April 27, 1993.

Motion for Rehearing and/or Transfer to
Supreme Court Denied May 25, 1993.

David C. Hemingway, St. Louis, for appellant.

Jeremiah W. (Jay) Nixon, Atty. Gen., Breck K. Burgess, Asst. Atty. Gen., Jefferson City, for respondent.

CRAHAN, Judge.

Lee Wood ("movant") appeals from the denial of his Rule 24.035 motion. We affirm.

On August 15, 1988, movant pleaded guilty, pursuant to a plea bargain, to burglary in the second degree. The trial court sentenced movant to a term of five years imprisonment. The trial court subsequently placed movant on probation. On January 30, 1992, movant's case was called for a probation revocation hearing.[1] Movant waived his right to a revocation hearing and confessed to violating the terms of his probation. The trial court revoked movant's probation and ordered that the sentence of five years be imposed with credit given for the sixty days movant spent in jail awaiting his probation revocation hearing.

1. Movant had been charged with three counts of driving while intoxicated, a violation of two of the terms of his probation.

On March 18, 1992, movant filed a *pro se* Rule 24.035 motion. The court appointed counsel for movant and on May 26, 1992, an amended motion was filed. In the motions, movant alleged that he received ineffective assistance of counsel regarding his probation revocation hearing because his attorney told him that if he waived his probation hearing he would receive credit for the two years and nine months he had spent on probation. The trial court, without an evidentiary hearing, denied movant's motion. The court stated that a Rule 24.035 motion is not the proper procedure by which to challenge the effectiveness of counsel at a probation revocation hearing, citing *Lane v. State*, 710 S.W.2d 354, 355 (Mo.App.1986).

■ Appellate review of the motion court's action on a motion filed under Rule 24.035 is limited to a determination of whether the findings and conclusions of the motion court are clearly erroneous. Rule 24.035(j). *Cobb v. State*, 787 S.W.2d 317, 318 (Mo.App.1990). The findings and conclusions of the motion court will be deemed clearly erroneous only if a review of the entire record leaves the reviewing court with a definite and firm impression that a mistake has been made. *Id.*

■ In his sole point on appeal, movant claims that a challenge to an attorney's performance in a probation hearing is cognizable under Rule 24.035 because such an allegation goes to the legality of movant's commitment to the department of corrections. Movant asserts that this is the very type of error Rule 24.035 was created to remedy. We disagree.

Rule 24.035 provides in pertinent part: A person convicted of a felony on a plea of guilty and delivered to the custody of the department of corrections who claims that the judgment of conviction or sentence imposed violate the constitution or laws of this state or the constitution of the United States, that the court imposing the sentence was without jurisdiction

to do so, or that the sentence imposed was in excess of the maximum sentence authorized by law may seek relief in the sentencing court pursuant to the provisions of this Rule 24.035. This Rule 24.-035 provides the exclusive procedure by which such person may seek relief in the sentencing court for the claims enumerated. The procedure before the trial court is governed by the Rules of Civil Procedure insofar as applicable.

■ Rule 24.035 allows only challenges to the validity of judgments of conviction or sentences, and then only on specified grounds. *Solomon v. State*, 821 S.W.2d 133, 135 (Mo.App.1992). Here, movant attacks neither his conviction nor his sentence. Rather, movant attacks the legality of the order revoking his probation.

■ A motion to vacate, set aside, or correct the judgment or sentence is not the proper procedure by which to challenge the effectiveness of counsel at a probation revocation hearing. *Lane*, 710 S.W.2d at 354–55. Movant correctly observes that *Lane* involved a Rule 27.26 motion.[2] However, this court has previously determined that the adoption of Rule 24.035 in place of Rule 27.26 does not change the result. *Baugh v. State*, 759 S.W.2d 882, 883 (Mo.App.1988). Thus the trial court did not clearly err in dismissing movant's motion.

CARL R. GAERTER, P.J., and CRANE, J., concur.

---

**2.** Rule 24.035 was adopted in place of Rule 27.26. Rule 27.26 was repealed primarily to avoid delays and prevent litigation of stale claims. *Day v. State*, 770 S.W.2d 692, 693 (Mo. banc 1989). Under the new rule the motion must be filed within ninety days after the movant is delivered to the custody of the department of corrections. *Id.*