**Gregory GRIFFIN, Appellant,**

v.

**STATE of Missouri, Respondent.**

**No. 69855.**

Missouri Court of Appeals,
Eastern District,
Division One.

Jan. 21, 1997.

David C. Hemingway, Sp. Asst. Public Defender, St. Louis, for appellant.

Jeremiah W. (Jay) Nixon, Atty. Gen., Becky Owenson Kilpatrick, Asst. Atty. Gen., Jefferson City, for respondent.

GARY M. GAERTNER, Judge.

Appellant, Gregory Griffin ("movant"), appeals the judgment of the Circuit Court of the City of St. Louis denying his Rule 24.035 motion without an evidentiary hearing. We reverse and remand.

On December 1, 1992, movant entered a plea of guilty to second degree burglary. The trial court suspended imposition of sentence and placed movant on two years' probation. On June 10, 1994, the court revoked movant's probation due to movant's violation of its terms and sentenced movant to seven years, to run consecutively to a sentence already imposed for an unrelated offense.

Movant filed *pro se* and amended Rule 24.035 motions. In his amended motion, movant claimed his counsel at the probation revocation was ineffective for the following reasons:

a. Counsel was ineffective in incorrectly assuring movant that his seven-year term would run concurrent to rather than consecutive to his previous seven-year term imposed for Attempted Robbery. Because movant relied on such assurance by counsel, movant was denied due process of law as guaranteed under the Missouri constitution and the Fourteenth Amendment to the U.S. Constitution. Additionally, counsel was ineffective in failing to speak on movant's behalf during sentencing in order to urge the [sic] court to run movant's prison terms concurrently. Counsel should have emphasized that movant was employed, that movant's probation violation was only an alcohol violation, and that movant was addressing his substance abuse problems by completing a 90–day A.A. program. Because of counsel's failure to speak for movant, the court sentenced movant without hearing factors which favored movant and which could

have resulted in the imposition of a concurrent prison term.

In response, the state filed a motion to dismiss movant's Rule 24.035 motion on the ground "[p]ost-conviction relief motions are not a proper way to challenge the effectiveness of counsel at a probation revocation hearing."

On December 11, 1995, the motion court entered conclusions of law and a judgment denying movant's Rule 24.035 motion without an evidentiary hearing. In so doing, the court stated the following:

2. The only issue raised in movant's motion is that his attorney was ineffective at his probation revocation in that his counsel assured him that his sentence would run concurrent to another sentence he was serving for attempted robbery. Movant alleges a denial of due process, and that his attorney should have more effectively advocated concurrent sentences. The general rule is that ineffectiveness of counsel at probation revocation is not cognizable.... In the present case movant has not alleged that he was promised concurrent sentences as part of his plea agreement, has not alleged that he was assured by the Court at the time he pleaded guilty that he would receive concurrent sentences, and has not otherwise alleged any detrimental reliance on any assurances by his attorney or anyone else. Movant has also not alleged that the seven year sentence is in excess of that authorized by law. In short, movant has not alleged any valid basis for relief.

(Citations omitted.) Movant's appeal followed.

For his sole point on appeal, movant asserts the motion court clearly erred in denying his Rule 24.035 claim of ineffectiveness of counsel without an evidentiary hearing, on the ground the court "misconstrued [movant]'s challenge to his attorney's performance at sentencing as relating strictly to the effectiveness of counsel at his probation revocation hearing." The state agrees; in its "Amended Motion to Remand for Reconsideration," taken with the case, the state concedes "the claim raised in [movant]'s amended motion is adequately pleaded as a claim of ineffective assistance of counsel at the sentencing proceeding *following* the probation revocation hearing and is thus cognizable in a Rule 24.035 proceeding." (Emphasis in original.)

Rule 24.035 allows for challenges to the validity of judgments or sentences only, and then only on specified grounds. *Wood v. State*, 853 S.W.2d 369, 370 (Mo.App. E.D. 1993); Rule 24.035(a). Where a movant attacks neither the judgment nor the sentence, but attacks the validity of the order revoking probation on the ground he or she received ineffective assistance of counsel at the revocation hearing, the movant's claim is not cognizable in a Rule 24.035 proceeding. *See Wood*, 853 S.W.2d at 370. A Rule 24.035 motion "is not the proper procedure by which to challenge the effectiveness of counsel at a probation revocation hearing." *Id. See also Teter v. State*, 893 S.W.2d 405, 406 (Mo.App. W.D.1995).

Here, while movant did claim in his amended motion that he received ineffective assistance of counsel during the revocation hearing, he went on to raise another, distinct claim: "*Additionally,* counsel was ineffective in failing to speak on movant's behalf during sentencing in order to urge the [sic] court to run movant's prison terms concurrently." (Emphasis added.) This latter assertion concerned counsel's performance during the sentencing subsequent to the revocation proceeding, and stated a valid claim under Rule 24.035. Movant admits this claim was (as he puts it in his brief) "inartfully raised ... halfway through a claim that did relate to counsel's performance regarding the actual revocation of probation." However, it was still cognizable under Rule 24.035 as a challenge to the legality of the sentence. Further, this claim was not refuted by the fact movant did not allege his sentence was in excess of that authorized by law.

The motion court clearly erred in finding "[t]he only issue raised in movant's motion is that his attorney was ineffective at his probation revocation...." Accordingly, the judgment is reversed and cause remanded for determination of the necessity for an evidentiary hearing on movant's challenge to the

validity of his sentence, and for any further proceedings the motion court deems necessary.[1]

DOWD, P.J., and REINHARD, J., concur.

---

1. Our disposition of movant's point on appeal renders moot the state's amended motion to remand.