Andrew RUSH, Jr., Appellant,

v.

STATE of Missouri, Respondent.

No. ED 97300.

Missouri Court of Appeals, Eastern District, Division One.

May 29, 2012.

Gwenda R. Robinson, St. Louis, MO, for appellant.

Chris Koster, Atty. Gen., Karen L. Kramer, Jefferson City, MO, for respondent.

GARY M. GAERTNER JR., Judge.

*Introduction*

Andrew Rush, Jr., (Movant) appeals from the judgment denying his Rule 24.035[1] motion without an evidentiary hearing. We affirm.

*Background*

On October 20, 2004, Movant pled guilty to one count of possession of a controlled substance, a class C felony. The State recommended a suspended execution of a three-year sentence, with probation for three years. Movant requested a suspended imposition of his sentence, which the plea court granted, and the court placed him on probation for three years.

On May 9, 2007, the plea court suspended Movant's probation after receiving a probation violation report. In June 2007, after a hearing, the court continued Movant's probation on the condition he enter and complete a thirty-day residential drug treatment program. The court extended Movant's probation for three more years, to expire on October 19, 2010. On June 24, 2009, the court again suspended Movant's probation. After a hearing on July 24, 2009, the court found Movant had violated the terms of his probation, and after considering alternatives, continued Movant's probation without modification or extension.

On May 19, 2010, the plea court suspended Movant's probation in connection with Movant being charged with two counts of misdemeanor stealing. At a hearing on August 27, 2010, Movant pled guilty to the stealing counts, and admitted

---

1. All rule references are to Mo. R.Crim. P. (2012), unless otherwise indicated.

violating the terms of his probation. Movant waived his right to a hearing on his probation violation. The plea court revoked his probation, and moved forward to impose sentence on Movant's prior possession charge.

During sentencing, the court heard from Mr. Michael Petetit, a representative of the Lafayette Square neighborhood, where Movant had committed the stealing crimes, who asked that the court order Movant to stay out of Lafayette Square. The court stated such an order was only possible as a term of probation because once sentenced, the court loses jurisdiction over Movant. Mr. Petetit stated the neighborhood requested Movant be sentenced. The State recommended a five-year term of imprisonment, and Movant's counsel requested a term of two years, citing the fact that Movant had no prior felonies, nor had he committed any while on probation. Movant's counsel also noted that the cost of parole supervision was significantly lower than the cost of incarceration. The State then suggested on behalf of Movant's probation officer that Movant could serve 120 days of shock time followed by another probationary period, in order to save the State money and allow the court to order Movant to stay away from Lafayette Square. Movant's counsel responded, "Well, it's the Court's discretion. We're not asking for shock time, we're asking for straight revocation." The State responded it was "not sure [straight revocation] serves the community." The court denied probation and imposed a sentence of five years.

Movant timely filed his Rule 24.035 motion, alleging his counsel at sentencing was ineffective for requesting without permission from Movant that the sentencing court revoke Movant's probation and sentence him to an imprisonment term of two years. Movant argued that but for counsel's request, there was a reasonable probability that the sentencing court would have imposed a sentence requiring less than his current sentence of five years in prison. The motion court denied his motion without an evidentiary hearing, finding that the record refuted his claim, and that an action for ineffective assistance of counsel at a probation revocation hearing is not cognizable under Rule 24.035. This appeal follows.

*Standard of Review*

■■■ Appellate review of the denial of a Rule 24.035 motion is "limited to a determination of whether the findings and conclusions of the trial court are clearly erroneous." Rule 24.035(k); *see Weeks v. State*, 140 S.W.3d 39, 44 (Mo. banc 2004). This court will find error only if, after review of the entire record, we have a definite and firm belief that a mistake has been made. *Weeks*, 140 S.W.3d at 44. A motion court is not required to grant an evidentiary hearing unless: (1) the movant pleads facts that if true would warrant relief; (2) the facts alleged are not refuted by the record; and (3) the matter complained of resulted in prejudice to the movant. *Dorsey v. State*, 115 S.W.3d 842, 844–45 (Mo. banc 2003).

*Discussion*

As a threshold matter, Movant argues that the motion court erred in determining that his claim was for ineffectiveness of probation revocation counsel and thus not cognizable under Rule 24.035. We agree.

■■■ The motion court correctly noted that a Rule 24.035 motion, intended for claims of ineffective plea counsel, does not encompass claims of ineffective probation revocation counsel. *Wood v. State*, 853 S.W.2d 369, 370 (Mo.App. E.D.1993). However, in this case, Movant waived a hearing on his probation revocation. The

trial court revoked Movant's probation, and then went on to impose a sentence for the crime to which Movant had previously pled guilty, due to the fact that Movant did not successfully complete probation. It was during this hearing on sentencing that Movant claims his counsel was ineffective. Complaints such as these regarding sentencing counsel, immediately following a probation revocation when that probation was the result of a prior guilty plea, have been recognized as cognizable claims under Rule 24.035. *See, e.g., Griffin v. State,* 937 S.W.2d 400, 401 (Mo.App. E.D.1997). Therefore, the motion court erred in labeling Movant's claim one of ineffective assistance of probation revocation counsel. Movant's claim is cognizable under Rule 24.035.

To prevail on this claim of ineffective assistance of counsel, Movant must meet the two-prong test set forth in *Strickland v. Washington,* 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). He must show first, that his counsel's performance was deficient, or not that of reasonably competent counsel. *Id.* "[T]here is a strong presumption that counsel's conduct was reasonable and effective." *Gill v. State,* 300 S.W.3d 225, 232 (Mo. banc 2009). Second, Movant must show that his counsel's deficient conduct caused him prejudice, in that it is reasonably certain that but for counsel's deficient conduct, the outcome of the proceeding would have been different. *Strickland,* 466 U.S. at 694, 104 S.Ct. 2052.

■■ Here, the motion court correctly laid out the well-established legal standard for finding counsel ineffective in the context of a guilty plea: Where there is a plea of guilty, a claim of ineffective assistance of counsel is immaterial "except to the extent that the conduct affected the voluntariness and knowledge with which the plea was made." *Worthington v. State,* 166 S.W.3d 566, 573 (Mo. banc 2005). After sentencing, such a plea "will only be set aside to correct a manifest injustice." *Hale v. State,* 767 S.W.2d 612, 616 (Mo. App. S.D.1989). The motion court concluded that there was no evidence on the record that Movant's plea was involuntary.

■ However, the court applied this standard out of context, in that Movant here does not request that his plea be vacated, nor does he argue his plea was involuntary. Rather, he argues that his sentencing counsel was ineffective, and the resulting prejudice was a longer prison sentence. "Even though sentencing does not concern the defendant's guilt or innocence, ineffective assistance of counsel during a sentencing hearing can result in *Strickand* prejudice because 'any amount of [additional] jail time has Sixth Amendment significance.'" *Lafler v. Cooper,* 566 U.S. ——, ——, 132 S.Ct. 1376, 1386, 182 L.Ed.2d 398 (2012) (quoting *Glover v. United States,* 531 U.S. 198, 203, 121 S.Ct. 696, 148 L.Ed.2d 604 (2001)). In this light, Movant has sufficiently alleged prejudice by alleging his counsel's actions resulted in a longer prison sentence.

Therefore, the prejudice prong of the test is met if Movant can show that but for counsel's deficient performance, there is a reasonable probability he would have received a lesser sentence. *Eichelberger v. State,* 134 S.W.3d 790, 792 (Mo.App. W.D. 2004); *see also Deck v. State,* 68 S.W.3d 418, 426–27 (Mo. banc 2002) (rejecting outcome-determinative test for reasonable-probability standard).

■ We find that the record refutes Movant's claim that but for his counsel's request for a straight revocation and a two-year sentence, there was a reasonable probability that he would have received a sentence less than five years. The sentencing court rejected Movant's counsel's

request of a two-year sentence in favor of a five-year sentence. Presumably, it was Movant's counsel's statement about the cost of incarceration to the State that in part prompted an alternative, less costly, solution of shock time and probation from the State, which the sentencing court also rejected. The State advocated the shock time alternative also to provide protection for the Lafayette Square community, yet Mr. Petetit had requested that the court sentence Movant rather than grant probation. Furthermore, Movant had, over a six-year period, attempted to complete his initial three-year probationary period without success. Under the circumstances here, we see no reasonable probability that it was Movant's counsel's request for straight revocation with a two-year sentence that kept the court from sentencing Movant to less than five years in prison.

Because we have found Movant's claim of prejudice is refuted by the record, we need not analyze whether his counsel's performance was deficient. *See Scott v. State,* 183 S.W.3d 244, 247 (Mo.App. E.D. 2005). Point denied.

### Conclusion

Movant has failed to allege facts entitling him to relief that are not refuted by the record. The motion court did not clearly err in denying Movant's request for postconviction relief without an evidentiary hearing. *Weeks,* 140 S.W.3d at 44; *see also Branson v. State,* 145 S.W.3d 57, 58 (Mo.App. S.D.2004) (affirming result despite faulty reasoning of motion court). We affirm.

AFFIRMED.

CLIFFORD H. AHRENS, P.J., and ROY L. RICHTER, J., concur.