**Jackie Eugene ARINGTON,
Movant–Appellant,**

v.

**STATE of Missouri, Respondent–
Respondent.**

**Nos. SD 31922, SD 31923.**

Missouri Court of Appeals,
Southern District,
Division Two.

July 12, 2013.

Emmett D. Queener, Columbia, MO, Attorney for Appellant.

Jennifer Ann Rodewald, Jefferson City, MO, Attorney for Respondent.

DON E. BURRELL, J.

Jackie Eugene Arington ("Movant") appeals the denial, after an evidentiary hearing, of his Rule 24.035[1] motions seeking post-conviction relief based on a claim that he received ineffective assistance of counsel at his probation revocation hearing. Because Movant does not challenge either the validity of his judgments of conviction or his resulting sentences, Movant's claim is not cognizable in a Rule 24.035 motion. We accordingly affirm the motion court's denial of post-conviction relief.[2]

## Procedural Background

In July 2006, Movant pleaded guilty to receiving stolen property. Movant received a suspended imposition of sentence ("SIS") and was placed on a three-year term of probation.

In May 2008, twenty-two months into his probationary term, Movant pleaded guilty to possession of a controlled substance pursuant to a plea agreement. During that proceeding, Movant also admitted that he had violated the terms of his probation by driving while revoked. The trial court accepted Movant's guilty plea in the possession case, suspended the execution of a five-year sentence, and placed Movant on a five-year term of supervised probation. The trial court also revoked Movant's SIS in the receiving stolen property case, gave him a five-year sentence, suspended its execution, placed Movant on a five-year term of supervised probation, and ordered Movant's sentences to run concurrently with one another.

At some point, Movant's probation supervision was transferred to the state of Arkansas. On February 4, 2010, Movant, who had moved back to Missouri without the approval of his Arkansas probation officer, appeared with counsel in the New Madrid County circuit court for a hearing on the State's motion to revoke Movant's probation on the grounds that he had failed to report to his probation officer since June 23, 2009 and had failed to enroll in a drug treatment program as ordered. Movant waived a formal hearing and admitted the alleged probation violations. The trial court revoked Movant's probation and executed his concurrent, five-year sentences.

On May 20, 2010, Movant filed his *pro se* Rule 24.035 motion, which listed the case numbers for each of his underlying cases and asserted that he was delivered to the Department of Corrections on February 5, 2010. His *pro se* motion alleged that his attorney was ineffective in representing him at the probation revocation hearing for: (1) failing to "raise the issue of voluntariness to [sic] confession of alledged [sic]

---

1. All rule references are to Missouri Court Rules (2013).

2. The motion court recognized that "[a]n attack on a probation ruling is not a challenge to a sentence or judgment, and it is beyond the scope of a Rule 24.035 proceeding[,]" citing *Bott v. State*, 353 S.W.3d 404, 409 n. 7 (Mo.App.S.D.2011), and *Prewitt v. State*, 191 S.W.3d 709, 711 (Mo.App.W.D.2006). It nonetheless went on to consider and reject Movant's claims based on their lack of substantive merit. Although the motion court should arguably have dismissed Movant's post-conviction motions on the ground that they did not present a claim cognizable under Rule 24.035, *see Wood v. State*, 853 S.W.2d 369, 370 (Mo.App.E.D.1993), "the action of the motion court is to be affirmed if correct, even though entered for the wrong reason." *Johnston v. State*, 833 S.W.2d 451, 452 (Mo. App.S.D.1992).

violation"; (2) failing to request a revocation hearing; and (3) failing to request that Movant's sentences "be reduced by all or part of the time" Movant had served on probation. Appointed post-conviction counsel filed a "Statement in Lieu of Amended Motion" pursuant to Rule 24.035(e), certifying that after speaking with Movant and reviewing the relevant records, counsel knew of "no potential meritorious claims known to counsel or facts in support thereof that have been omitted from Movant's pro se motion. The Movant's intention is to dismiss his Motion."

Movant did not file a reply to that Statement as allowed under Rule 24.035(e). And he did not dismiss his *pro se* motion. After conducting an evidentiary hearing on Movant's *pro se* claims, the motion court entered a "Judgment," accompanied by attached findings of fact and conclusions of law, overruling Movant's Rule 24.035 motions. Movant timely appealed those denials, and we have consolidated the cases for purposes of appeal.

### Analysis

We usually review the denial of a Rule 24.035 motion to determine whether the motion court's findings of fact and conclusions of law are clearly erroneous. *Roberts v. State,* 276 S.W.3d 833, 835 (Mo. banc 2009). No such review is necessary here because

> [a] claim of ineffective assistance of counsel for representation at a hearing on a motion to revoke probation is not cognizable in [a] post-conviction relief motion following a guilty plea; the proper remedy instead is habeas corpus. *See Jones v. State,* 471 S.W.2d 166, 169 (Mo. banc 1971); *Snyder v. State,* 288 S.W.3d 301, 303 (Mo.App.2009).

*Swallow v. State,* 398 S.W.3d 1, 7 (Mo. banc 2013).

The motion court's denials of post-conviction relief are affirmed.

JEFFREY W. BATES and MARY W. SHEFFIELD, JJ., concur.