

# In the Missouri Court of Appeals
## Eastern District

<u>DIVISION TWO</u>

| | | |
|---|---|---|
| TODD C. WESTERGAARD, | ) | No. ED100063 |
| | ) | |
| Movant/Appellant, | ) | Appeal from the Circuit Court |
| | ) | of St. Charles County |
| v. | ) | |
| | ) | |
| STATE OF MISSOURI, | ) | Honorable Nancy L. Schneider |
| | ) | |
| Respondent/Respondent. | ) | Filed: March 25, 2014 |

<u>Introduction</u>

Todd C. Westergaard (Movant) appeals from the motion court's judgment denying, without an evidentiary hearing, his amended Motion to Vacate, Set Aside or Correct Judgment and Sentence filed pursuant to Missouri Rule of Criminal Procedure 24.035 (post-conviction motion). We affirm.

<u>Factual and Procedural Background</u>

On May 16, 2011, Movant pleaded guilty to one count of felony forgery and one count of felony possession of a controlled substance. The prosecutor set forth the factual basis for the pleas and the range of punishment for each offense. The court advised Movant of his trial rights and conducted an examination of Movant, which included the following:

> Q. Other than the State's recommendation, has anyone, including your own attorney, promised you anything to get you to plead guilty?
> A. No.

…
        Q. Do you understand the maximum sentence you could receive
would be fourteen years in prison and a ten thousand dollar fine?
        A. Yes, ma'am.
        Q. Do you understand the State's recommendation?
        A. Yes, ma'am.

Movant indicated no one had threatened him or forced him to plead guilty. The State recommended a sentence of four years' imprisonment on the forgery charge, five years' imprisonment on the possession charge, and the dismissal of a third charge of unlawful possession of drug paraphernalia. The State recommended the sentences run concurrently to each other and to Movant's sentence on a parole revocation. Movant stated he did not wish to make any statements prior to being sentenced. The Court accepted Movant's guilty pleas and sentenced Movant in accordance with the State's recommendation. Upon examination, Movant stated he had no complaints about his attorneys, they did everything he asked them to do and they did not do anything with which he disagreed.

On November 14, 2011, Movant filed his *pro se* post-conviction motion. Appointed counsel filed an amended post-conviction motion, alleging Movant's pleas were not voluntarily, knowingly, and intelligently made because Movant was induced to plead guilty by plea counsel misinforming Movant that if he pleaded guilty pursuant to the plea agreement and received a concurrent five-year sentence, as opposed to a four-year sentence, on the possession charge he would not have to serve 80% of his four-year sentence for the forgery charge.

Movant alleged that prior to entering his plea, the State initially offered a plea deal of seven years on the forgery charge; then offered him five years each on the forgery and possession charges; and, finally, four years each on the forgery and possession

2

charges. Movant alleged he would testify "he knew he had three prior commitments to the Missouri Department of Corrections for convictions of prior felony offenses, and that as a consequence, he might have to serve 80% of any sentence imposed for the forgery offense[.]" Movant alleged his plea counsel led him to believe that he could avoid the 80% mandatory minimum sentence requirement by obtaining a concurrent sentence on the possession charge that was longer than the concurrent sentence imposed on the forgery charge. Movant asserted that based on this belief, he asked plea counsel to request the State to reinstate the five-year plea offer on the possession charge. Movant stated he requested the longer sentence on the possession charge because he believed he would not have to serve 80% of any sentence imposed for the forgery offense. Upon his commitment to the Department of Corrections, Movant learned he had to serve 80% of the four-year sentence for forgery or until June 6, 2014, and that he had to serve a minimum of 15% of the five-year sentence for possession or until January 11, 2012. Movant alleged he relied upon plea counsel's inaccurate advice in making his decision to plead guilty in exchange for a longer sentence.

On May 3, 2013, the motion court entered its judgment denying Movant relief without an evidentiary hearing, finding his allegations were refuted by the record and his alleged belief that it was advantageous for him to plead guilty to a longer sentence was unreasonable. This appeal follows.

## Jurisdictional Issue

Before we address the merits of this appeal, this Court must attend to a jurisdictional issue raised by Movant. Movant has filed a motion for late notice of appeal, stating that his notice of appeal in this matter was untimely. In his motion,

3

Movant suggests that this Court may be deprived of jurisdiction because the *in forma pauperis* order was entered after the notice of appeal was filed.

The trial court's judgment was issued on May 3, 2013. A motion to proceed *in forma pauperis* was filed on June 5, 2013. The notice of appeal was filed on June 10, 2013 and the court granted the *in forma pauperis* motion on June 12, 2013.

Under Rule 81.05(a),[1] the judgment in question became final on Monday, June 3, 2013. Rule 81.05(a); Rule 44.01(a). Therefore, the notice of appeal was due ten days later on June 13, 2013. Rule 81.04(a). Here, the notice of appeal was filed on June 10, 2013. The *in forma pauperis* motion was filed on June 5, 2013 and was granted on June 12, 2013.

Prior to January 1, 2012, Rule 81.04(d) provided that a circuit clerk should not accept a notice of appeal unless it was accompanied by an "order permitting the appellant to prosecute the appeal in forma pauperis." However, the courts held that if the notice of appeal was tendered with a motion to proceed *in forma pauperis* that was later granted, the notice of appeal would be considered filed on the date the motion was first filed. See, State v. Childers, 192 S.W.3d 496, 497 (Mo. App. E.D. 2006); State v. Lawrence, 139 S.W.3d 573, 575 (Mo. App. E.D. 2004).

On January 1, 2012, Rule 81.04 was amended. It now sets forth a procedure consistent with the cases above. The rule now reads:

> **(e) Presenting Notice of Appeal to Clerk.** The trial court clerk shall note on a notice of appeal the date it was received if it is accompanied by:
> (1) The docket fee; or
> (2) A statement citing specific statutory or other authority demonstrating a docket fee is not required by law; or
> (3) A motion to prosecute the appeal in forma pauperis.

---

[1] All rule references are to Mo. R. Civ. P. 2012, unless otherwise indicated.

4

> \* \* \*
> A notice of appeal received with a motion to prosecute the appeal in forma pauperis is deemed filed on the date the notice is received if the motion to prosecute the appeal in forma pauperis is granted. If the motion is not granted and the time for filing the notice of appeal has not expired, a notice of appeal with a docket fee or with a statement demonstrating no docket fee is required may be presented to the clerk and shall be treated as though no motion to prosecute the appeal in forma pauperis was filed.

Here, the motion to proceed *in forma pauperis* was filed before the notice of appeal. However, for purposes of Rule 81.04, if the *in forma pauperis* motion is filed before the notice of appeal, then it is considered filed with the notice of appeal. Therefore, since the motion was granted, the notice of appeal is deemed filed on June 10, 2013 and it is timely. The motion for late notice of appeal is denied as moot.

## Standard of Review

Our review of the denial of a Rule 24.035 motion is "limited to a determination of whether the findings and conclusions of the trial court are clearly erroneous." Rule 24.035(k). This Court will find error only if we have a "definite and firm belief that a mistake has been made." Evans v. State, 315 S.W.3d 404, 405 (Mo. App. E.D. 2010). The appellant has the burden of proving error by a preponderance of the evidence. Buckner v. State, 35 S.W.3d 417, 420 (Mo. App. W.D. 2000).

## Discussion

Movant argues the motion court erred in denying his post-conviction motion without an evidentiary hearing because he pled facts that warranted relief and were not conclusively refuted by the record, in that he was denied his rights to effective assistance of counsel and due process of law because his plea counsel induced his unknowing, unintelligent and involuntary plea on the mistaken belief that if he pleaded guilty

5

pursuant to the plea agreement and received a concurrent sentence for possession that was longer than the concurrent sentence imposed for forgery, he would not have to serve a mandatory minimum 80% of his sentence for forgery.

To be entitled to an evidentiary hearing, the movant must plead facts, not conclusions, which are not refuted by the record and if true would warrant relief, and the matters complained of must have resulted in prejudice to the movant. Wooldridge v. State, 239 S.W.3d 151, 154 (Mo. App. E.D. 2007). A defendant who pleads guilty waives all claims of error except those affecting the voluntariness of the plea or the understanding with which the plea was made. Johnson v. State, 318 S.W.3d 313, 317 (Mo. App. E.D. 2010).

Pursuant to Section 558.019, a felony offender with three or more prior commitments to the Department of Corrections on unrelated felony convictions must serve a minimum prison term of 80% of the sentence imposed by the court in the underlying felony case. Section 558.019.2(3) RSMo 2006.

Plea counsel does not have an affirmative obligation to inform a defendant about his parole eligibility, a collateral consequence of his plea. Savage v. State, 114 S.W.3d 455, 458 (Mo. App. E.D. 2003). However, a plea may be considered involuntary if counsel misinforms the defendant as to the effects of a plea. Id. "Where plea counsel affirmatively misinforms his client about a consequence of pleading guilty and the client relies upon the misrepresentation in deciding to enter his plea, counsel's incorrect advice may rise to the level of constitutionally ineffective assistance of counsel." Id. Movant must show that his reliance upon counsel's alleged misrepresentation was objectively reasonable. Id. n. 2; Patterson v. State, 92 S.W.3d 212, 216 (Mo. App. W.D. 2002).

6

The motion court did not err in denying Movant's post-conviction motion without an evidentiary hearing. Movant alleged in his petition that "he knew he had three prior commitments to the Missouri Department of Corrections for convictions of prior felony offenses, and that as a consequence, he might have to serve 80% of any sentence imposed for the forgery offense[,]" refuting his assertion he did not know he would have to serve 80% of his sentence for the felony conviction of forgery. Furthermore, at the plea hearing, Movant indicated he understood the State's recommendation, he had not been promised anything other than the State's recommendation in exchange for his plea of guilty and he did not wish to make any statements prior to being sentenced. In addition, Movant's alleged belief that he could avoid the mandatory minimum sentence requirement based exclusively on receiving a longer sentence on a separate crime is objectively unreasonable.

Based on the foregoing, the motion court did not err in denying Movant's post-conviction motion without an evidentiary hearing. Movant's point on appeal is denied.

<u>Conclusion</u>

The judgment of the motion court is affirmed.

_____
Sherri B. Sullivan, J.

Lawrence E. Mooney, P.J., and
Robert G. Dowd, Jr., J., concur.

7