KURT S. ODENWALD, Presiding Judge *76 Introduction
Patrick Durant ("Durant") appeals the denial of his Rule 24.035[1] motion seeking post-conviction relief based on a claim that he received ineffective assistance of counsel at his probation revocation hearing. Because the facts alleged by Durant as to sentencing counsel's ineffectiveness and the resulting prejudice of sentencing counsel's conduct are refuted by the record, we affirm the motion court's denial of post-conviction relief without an evidentiary hearing.
Procedural Background
On July 6, 2015, Durant pleaded guilty to unlawful possession of a firearm. The circuit court sentenced Durant to a term of seven years' imprisonment in the custody of the Missouri Department of Corrections, The court suspended the execution of that sentence and placed Durant on probation for a period of five years under supervision with special conditions.
On April 13, 2016, nine months into his probationary term and two months since beginning probation, Durant was brought before the trial court for a probation violation hearing. Durant admitted to violating a condition of probation by using drugs. Durant also stipulated to the police report, which stated that there had been a car chase involving a stolen vehicle, after which Durant was found hiding under a tree with a loaded semiautomatic firearm located in his front waistband. Durant was arrested for unauthorized use of a weapon. The sentencing court revoked his probation, finding Durant had violated conditions 1, 6, and 7 of his probation due to drugs, law, and weapons violations, and ordered Durant's previously imposed seven-year sentence executed.
On August 16, 2016, Durant filed his pro se Rule 24.035 motion. Durant's post-conviction counsel subsequently entered her appearance and requested an additional thirty days to file an amended motion. The motion court granted the motion, and Durant timely filed his amended motion alleging that sentencing counsel was ineffective for not requesting the court consider 120-day shock incarceration at his probation revocation hearing as an alternative to executing the seven-year sentence. The motion court denied Durant's amended motion without an evidentiary hearing, finding that Durant admitted in his amended motion that sentencing counsel did present the alternative of "shock time" to the sentencing court and that the sentencing transcript showed the court's apprehensions given Durant's lack of success at probation.
Point on Appeal
In his point on appeal, Durant argues the motion court erred in denying his motion for post-conviction relief without an evidentiary hearing because his sentencing counsel failed to recommend the court consider 120-day shock incarceration rather than imposing his seven-year imprisonment sentence.
Standard of Review
We customarily review the denial of a Rule 24.035 motion to determine whether the motion court's findings of fact and conclusions of law are clearly erroneous. Rule 24.035(k); Roberts v. State, 276 S.W.3d 833, 835 (Mo. banc 2009) ; see *77 Weeks v. State, 140 S.W.3d 39, 44 (Mo. banc 2004). This court will find error only if, after review of the entire record, we have a definite and firm belief that a mistake has been made. Weeks, 140 S.W.3d at 44.
No such review is necessary when a claim of ineffective assistance of counsel is made in connection with counsel's representation at a hearing on a motion to revoke probation, because such a claim is "not cognizable in a post-conviction relief motion following a guilty plea; the proper remedy instead is habeas corpus." Swallow v. State, 398 S.W.3d 1, 7 (Mo. banc 2013) ; see also Jones v. State, 471 S.W.2d 166, 169 (Mo. banc 1971) ; Arington v. State, 420 S.W.3d 603, 604-05 (Mo. App. S.D. 2013) ; Snyder v. State, 288 S.W.3d 301, 303 (Mo. App. E.D. 2009).
Analysis
I. Applicable Standard of Review
Although post-conviction relief is a remedy normally not available following a probation revocation hearing, this Court has recognized that a post-conviction claim challenging a sentence imposed following a probation revocation may be cognizable under Rule 24.035 where, as here, the movant waived a hearing on the probation revocation. See Rush v. State, 366 S.W.3d 663, 665-66 (Mo. App. E.D. 2012). In Rush, this Court held the movant's claim was premised upon his sentencing hearing that immediately followed the probation revocation. "Complaints such as these regarding sentencing counsel, immediately following a probation revocation when that probation was the result of a prior guilty plea, have been recognized as cognizable claims under Rule 24.035." Id. (citing Griffin v. State, 937 S.W.2d 400, 401 (Mo. App. E.D. 1997) ).
The record before us plainly shows that Durant waived his right to a hearing on the probation violation. The sentencing court accepted the waiver, revoked Durant's probation, and immediately proceeded to sentencing. These facts fall within the parameters discussed in Rush and entitle Durant to post-conviction review.
II. No Clear Error
Durant's claim must nevertheless fail. A motion court is not required to grant an evidentiary hearing unless: (1) the movant pleads facts that if true would warrant relief; (2) the facts alleged are not refuted by the record; and (3) the matter complained of resulted in prejudice to the movant. Dorsey v. State, 115 S.W.3d 842, 844-45 (Mo. banc 2003). Furthermore, to prevail on this claim of ineffective assistance of counsel, Durant must meet the two-prong test set forth in Strickland v. Washington, 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984), Durant must show first that his counsel's performance was deficient or not that of reasonably competent counsel. Id."A movant must overcome the strong presumption that counsel's conduct was reasonable and effective." Johnson v. State, 406 S.W.3d 892, 899 (Mo. banc 2013). To overcome this presumption, a movant must identity "specific acts or omissions of counsel that, in light of all the circumstances, fell outside the wide range of professional competent assistance." Id. (quoting Zink v. State, 278 S.W.3d 170, 176 (Mo. banc 2009) ). Second, Durant must show that his counsel's deficient conduct caused him prejudice, in that it is reasonably certain that but for counsel's deficient conduct, the outcome of the proceeding would have been different. Strickland, 466 U.S. at 694, 104 S.Ct. 2052.
As the motion court correctly noted, the record refutes Durant's claim that sentencing counsel ineffectively raised the *78 issue of 120-day shock incarceration or that Durant was prejudiced by sentencing counsel's lack of advocacy. Although Durant alleges that sentencing counsel was ineffective for failing to request the court consider sentencing him to 120-day shock incarceration, Durant later states in his amended petition that sentencing counsel advised the sentencing court of Durant's employment and of Durant's financially dependent children, asked the court to extend Durant's probation, asked the court to allow Durant house arrest, and then mentioned shock time to the court. Durant's argument assumes, but does not plead, that the sentencing court was not versed or otherwise informed of the availability of shock incarceration under Section 559.115[2] . Durant does not plead what additional information counsel failed to provide the sentencing court regarding the alternative of shock incarceration. Durant does not specify the acts or omissions of counsel that, in light of all the circumstances, fell outside the range of professional competent assistance. Accordingly, Durant's amended motion does not overcome the strong presumption that counsel's conduct was both reasonable and effective. See Johnson, 406 S.W.3d at 899 ; Zink, 278 S.W.3d at 176.
Moreover, were we to find counsel ineffective in his advocacy of sentencing alternatives, the record refutes any showing of prejudice suffered by Durant. As noted above, to establish relief under Strickland , a movant must prove prejudice. Strickland, 466 U.S. at 694, 104 S.Ct. 2052. Prejudice occurs when "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Deck v. State, 68 S.W.3d 418, 429 (Mo. banc 2002) (quoting Strickland, 466 U.S. at 694, 104 S.Ct. 2052 ).
Similar to the facts in Rush, Durant has not claimed that his plea was involuntary or asked that his plea be vacated. See Rush, 366 S.W.3d at 666. Here, Durant claims only that his sentencing proceedings would have been different and that, but for counsel's ineffectiveness, the sentencing court would have decided that the 120-day shock incarceration was a better alternative to executing the seven-year sentence. A review of the sentencing transcript seriously undermines and unequivocally contradicts this dubious argument. The sentencing court openly expressed its reservation regarding any extension of Durant's probation. The sentencing court focused on the similarity of the offense for which Durant was arrested to the offense for which he was initially granted probation (unlawful possession of a firearm) and the short time period between the initial start of probation and Durant's subsequent arrest (two months). As the sentencing court admonished "[you] didn't even make it two months. That's my concern. And you have some serious, serious charges." The record clearly refutes Durant's claim of prejudice. Point denied.
The motion court's denial of post-conviction relief is affirmed.
Gary M. Gaertner, Jr., J., concurs.
Colleen Dolan, J., concurs.

All Rule references are to Mo. R. Crim. P. (2013).

All statutory references are to RSMo (Cum. Supp. 2013).