

# In the Missouri Court of Appeals
## Eastern District
### DIVISION THREE

| | | |
|---|---|---|
| JAMIE HERNANDEZ, | ) | No. ED106789 |
| | ) | |
| Appellant, | ) | Appeal from the Circuit Court |
| | ) | of St. Louis County |
| v. | ) | 12SL-CC01360 |
| | ) | |
| STATE OF MISSOURI, | ) | Honorable Joseph S. Dueker |
| | ) | |
| Respondent. | ) | Filed: July 16, 2019 |

## OPINION

Jamie Hernandez ("Movant") appeals from the motion court's judgment denying his motion under Rule 24.035[1] for post-conviction relief. Movant claims that the motion court erred in denying his request for post-conviction relief after an evidentiary hearing because plea counsel was ineffective for affirmatively misinforming him of the deportation consequences of his guilty plea; and erred in denying his request for post-conviction relief without an evidentiary hearing because the record did not conclusively refute that Movant was denied due process at his probation revocation proceeding. We affirm.

### Discussion

The State charged Movant in 2004 with two counts of possession of a controlled substance with intent to distribute, in Cause Number 2104R-04713. In March 2007, Movant

---

[1] Mo. R. Civ. P. (2012).

pleaded guilty to both charges. The court suspended imposition of sentence ("SIS"), except for 120 days of shock incarceration, and placed Movant on probation for five years. A copy of his court records was sent to the Department of Homeland Security in October 2009. While the record is not clear, it appears that sometime between October 2009 and February 2010, Movant was taken into the custody of Immigration and Naturalization Services ("INS") and deported to Mexico stemming from his 2007 drug conviction. Then, in March 2010, he was indicted by a grand jury in the United States District Court for the District of Kansas of having been found in the United States without permission on or about February 10, 2010, after having previously been deported following a conviction for an aggravated felony. Movant, while represented by counsel, agreed to plead guilty to the charge, pursuant to a plea agreement that he signed on December 6, 2010. His probation in Cause Number 2104R-04713 was suspended on September 12, 2011, and a warrant for probation violation was issued and served.

At the revocation hearing on January 26, 2012, Movant testified he understood he was entitled to a hearing on the probation violation charge but wished to waive the hearing and to admit he violated his probation. The court asked if he admitted he "violated condition number 1 by being convicted in the state of Texas while [he] was on probation for this offense." Movant replied, "[y]es." The court found, based on Movant's admissions, that he had violated the terms of his probation and that his probation should be revoked. The court then sentenced him to concurrent terms of five years in the Missouri Department of Corrections on Counts I and II in Cause Number 2104R-04713, with credit given for the two years he served in INS custody.

Movant timely filed a pro se motion for post-conviction relief under Rule 24.035. Through appointed counsel, he filed a timely amended motion to vacate, set aside, or correct judgment and sentence and a request for an evidentiary hearing ("amended motion"). As

2

relevant to the issues raised on appeal, Movant argued his 2007 guilty plea was not knowing and voluntary in that his plea counsel was ineffective for affirmatively misadvising Movant of the deportation consequences of his guilty plea; and he was denied due process at his 2012 probation revocation proceeding because he had not received notice of the evidence against him supporting his probation violations, he was forced by his counsel to waive the probation revocation hearing, and there was no evidence that Movant had a conviction from the State of Texas.

The motion court granted an evidentiary hearing on the issue of whether plea counsel affirmatively misadvised Movant on the immigration consequences of his plea, but denied Movant's request for an evidentiary hearing on the issue of whether he was denied due process at his probation revocation hearing. Both Movant and Movant's plea counsel, Stephen Zarky ("Zarky"), testified via deposition. The motion court denied Movant's request for relief under Rule 24.035, finding, as relevant to the issues raised on appeal: (1) Movant failed to show his plea counsel provided ineffective assistance by affirmatively misinforming him of the immigration consequences of his guilty plea, but rather, Movant's guilty plea was knowing and voluntary; and (2) Movant failed to allege facts not refuted by the record that he was denied due process at his probation revocation hearing. This appeal follows.

Standard of Review

Our review of the denial of a Rule 24.035 motion is "limited to a determination of whether the findings and conclusions of the trial court are clearly erroneous." Rule 24.035(k); *Milner v. State*, 551 S.W.3d 476, 479 (Mo. banc 2018). This Court will find error only if, after review of the entire record, we have a definite and firm belief that a mistake has been made. *Milner*, 551 S.W.3d at 479. On review, the motion court's findings and conclusions are presumptively correct. *Wilson v. State*, 813 S.W.2d 833, 835 (Mo. banc 1991). After a guilty

3

plea, our review is limited to a determination as to whether the underlying plea was knowing and voluntary. *Wilson v. State*, 568 S.W.3d 924, 928 (Mo. App. E.D. 2019).

To be entitled to an evidentiary hearing, Movant's motion for post-conviction relief must meet three requirements: (1) it must contain facts, not conclusions, which if true would warrant relief; (2) the alleged facts must not be refuted by the record; and (3) the matters complained of must have resulted in prejudice to movant. *Durant v. State*, 559 S.W.3d 74, 77 (Mo. App. E.D. 2018); *see also* Rule 24.035(h).

### Discussion

### Point I

In his first point on appeal, Movant argues the motion court clearly erred in denying his amended motion after an evidentiary hearing because his plea counsel was ineffective for affirmatively misinforming or failing to accurately advise him about the deportation consequences of his guilty plea, and but for this ineffective assistance he would not have pleaded guilty but would instead have gone to trial. We disagree.

To prevail on a claim of ineffective assistance of counsel, Movant must show by a preponderance of the evidence both that his counsel failed to exercise the customary skill and diligence of a reasonably competent attorney under similar circumstances, and that his counsel's deficient performance prejudiced him. *Anderson v. State*, 196 S.W.3d 28, 33 (Mo. banc 2006) (citing *Strickland v. Washington*, 466 U.S. 668, 687-92 (1984)). We "presume[] that counsel's conduct was reasonable and effective," and that any challenged action was part of counsel's reasonable trial strategy. *Anderson*, 196 S.W.3d at 33; *see also Barnett v. State*, 103 S.W.3d 765, 769 (Mo. banc 2003). After a plea of guilty, the issue of ineffective assistance of counsel is only relevant to the extent that it affected the voluntariness of the guilty plea. *Voegtlin v. State*,

4

464 S.W.3d 544, 552 (Mo. App. E.D. 2015).  The prejudice prong is met if the movant shows that but for counsel's ineffective assistance, he or she would have not have pleaded guilty but instead would have insisted upon going to trial.  *Id.*

Movant asserts here that Zarky affirmatively misinformed Movant of the immigration consequences of his guilty plea by informing him that once he served his shock time and completed probation he would never hear from the government again.  Movant argues that a reasonably competent attorney under the same or similar circumstances would have inquired into Movant's immigration status and have advised him as to the immigration consequences of pleading guilty to a crime.

In *Padilla v. Kentucky*, the United States Supreme Court recognized that if a non-citizen commits a removable offense deportation is practically inevitable, and thus it found that where there is a clear risk of deportation, a defense attorney who does not advise the defendant about the clear immigration consequences of his or her plea provides ineffective assistance.  559 U.S. 356, 363-64, 369 (2010).  However, the United States Supreme Court has held that *Padilla* and its creation of the duty to inform defendants of the clear immigration consequences of a guilty plea does not apply retroactively.  *Chaidez v. United States*, 568 U.S. 342, 344 (2013).  Prior to *Padilla*, defense counsel was not required to advise a defendant of the collateral consequences of a guilty plea, including the immigration consequences therefrom, and the failure to do so did not constitute ineffective assistance of counsel.  *See Haddock v. State*, 425 S.W.3d 186, 189-90 (Mo. App. E.D. 2014).  Nevertheless, where counsel affirmatively misinforms a defendant about any consequence stemming from a guilty plea, whether direct or collateral, that misrepresentation may constitute ineffective assistance of counsel.  *Westergaard v. State*, 436 S.W.3d 593, 597-98 (Mo. App. E.D. 2014).

"[C]ounsel's conduct is measured by what the law is at the time of trial." *Zink v. State*, 278 S.W.3d 170, 190 (Mo. banc 2009). Here, Movant pleaded guilty in 2007, which is before his counsel had an obligation under *Padilla* to advise him of the clear immigration consequences of his plea. Thus, the question is merely whether Zarky affirmatively misinformed Movant of the collateral immigration consequences of his plea. Under this record, Movant cannot show that Zarky affirmatively misinformed him of the deportation consequences of his guilty plea. Movant testified via deposition that Zarky did not give him any advice regarding the deportation consequences of his guilty plea, and Movant did not ask about it because he "was not even worried about that." Rather, he attested Zarky told him that if he pleaded guilty, he would serve his 120 days, complete five years of probation, and then "never hear from them again." Zarky testified via deposition that he had very little recollection of Movant's case and did not recall anything he may have discussed with Movant, including about deportation consequences. However, Zarky also testified that in 2006-2007 the Public Defender's Office was made aware that they needed to address the immigration consequences of pleading guilty to certain crimes, and thus it was "highly, highly improbable" that he would have affirmatively informed Movant his guilty plea would *not* have had any deportation consequences.

This record does not demonstrate affirmative misrepresentation or affirmative misinformation, and thus Movant cannot show his plea counsel provided ineffective assistance. *See Westergaard*, 436 S.W.3d at 597-98. The motion court did not clearly err in denying Movant's amended motion on this issue after an evidentiary hearing. Point denied.

### Point II

In his second point on appeal, Movant argues the trial court clearly erred in denying his amended motion without an evidentiary hearing because the record did not conclusively refute

6

that he was denied due process at his probation revocation hearing, in that Movant did not receive notice of the alleged probation violation or evidence against him and the probation court entered a judgment and sentence stemming from a Texas conviction without evidence Movant received a conviction in Texas. We disagree.

Rule 24.035 provides that a person convicted of a felony after a plea of guilty may seek relief from a conviction or sentence imposed. *See* Rule 24.035(a). Movant in Point II does not attack the conviction or sentence imposed, but, rather, he challenges the legality of the probation revocation hearing itself, which is not cognizable in a Rule 24.035 proceeding. *See Soloman v. State*, 821 S.W.2d 133, 135 (Mo. App. S.D. 1992); *see also Bearden v. State*, 530 S.W.3d 504, 506 (Mo. banc 2017); *Snyder v. State*, 288 S.W.3d 301, 303 (Mo. App. E.D. 2009). Movant's challenge, therefore, falls outside the scope of a Rule 24.035 motion for post-conviction relief. The proper remedy is habeas corpus. *Baugh v. State*, 759 S.W.2d 882, 883 (Mo. App. E.D. 1988).[2]

The motion court did not err in denying his amended motion without an evidentiary hearing. Point denied.

Conclusion

The judgment of the motion court is affirmed.

_Robin Ransom_
Robin Ransom, J.

Sherri B. Sullivan, P.J., and
James M. Dowd, J., concur.

---

[2] We recognize that had Movant here challenged that he was denied effective assistance of counsel during the probation revocation hearing, our analysis would be different. *See Durant v. State*, 559 S.W.3d 74, 77 (Mo. App. E.D. 2018) (addressing claim of ineffective assistance of counsel during probation revocation under Rule 24.035 when movant waived hearing on probation revocation). However, Movant here challenges the court's actions in revoking his probation without adequate notice to Movant of the evidence against him and without receiving evidence of a Texas conviction. He does not on appeal challenge the effectiveness of his counsel, and thus has not preserved that issue for appellate review. *See* Rule 84.13(a) (allegations of error not properly briefed shall not be considered on appeal).