

# In the Missouri Court of Appeals
# Eastern District

<u>DIVISION TWO</u>

| | | |
|---|---|---|
| JAMES D. REIKER, | ) | No. ED109618 |
| | ) | |
| Appellant, | ) | Appeal from the Circuit Court |
| | ) | of St. Charles County |
| v. | ) | Cause No. 1911-CC00732 |
| | ) | |
| STATE OF MISSOURI, | ) | Honorable Michael J. Fargas |
| | ) | |
| Respondent. | ) | Filed: December 14, 2021 |

<u>Introduction</u>

James D. Reiker (Movant) appeals from the motion court's judgment denying his Rule 24.035[1] motion without an evidentiary hearing. Movant claims that the motion court erred in denying his request for post-conviction relief because his probation-revocation counsel was ineffective for giving him incorrect advice that caused him to admit his probation violation. Because Movant's claim is not cognizable under Rule 24.035, we affirm.

<u>Factual and Procedural Background</u>

On September 19, 2016, Movant pleaded guilty to two counts of the class C felony of receiving stolen property. The plea court sentenced Movant to concurrent sentences of seven years in the Missouri Department of Corrections (DOC) on each count but suspended

---

[1] All rule references are to Mo. R. Crim. P. 2020, unless otherwise indicated.

execution of sentence (SES) on each charge and placed him on probation for a period of five years (the St. Charles County case).

In October of 2016, Movant was arrested. On the basis of the October 2016 arrest, his probation was revoked in a different case from Crawford County, Missouri (the Crawford County case), in which Movant had previously been sentenced to a seven-year term of incarceration in the DOC but also received an SES. He was delivered to the DOC to serve his sentence in the Crawford County case on November 28, 2016.

Regarding the St. Charles County case on appeal here, at a January 28, 2019 probation-revocation hearing, Movant admitted that his October 2016 arrest for drug use violated the terms of his probation. The probation-revocation court revoked Movant's probation and ordered him to serve his seven-year sentence previously imposed but not executed, to run concurrently with the seven-year sentence in the Crawford County case. Movant was delivered to the DOC to serve his sentence for the St. Charles County case on January 28, 2019.

Movant timely filed a pro se Rule 24.035 motion to vacate, set aside, or correct the judgment or sentence. In the timely amended motion, appointed counsel argued, as relevant to the issues raised on appeal, that Movant's probation-revocation counsel, Benjamin Hotz (Hotz), provided ineffective assistance of counsel. Movant alleged Hotz misadvised Movant that, if he pleaded guilty to the probation violation in his St. Charles County case, he would receive credit against his sentence in the St. Charles County case for time already served on his sentence in the Crawford County case. Movant asserted that this incorrect information induced him to confess to the probation violation, rendering his

2

guilty plea[2] involuntary. The motion court denied Movant's Rule 24.035 motion on the merits without an evidentiary hearing, finding his claims were refuted by the record and he was not prejudiced by Hotz's alleged ineffective assistance. This appeal follows.

Discussion

On appeal, Movant claims the motion court clearly erred in denying his Rule 24.035 motion without an evidentiary hearing because Hotz was ineffective as probation-revocation counsel, in that he misadvised Movant that he would receive credit for time already served in the DOC on the Crawford County case between his guilty plea in the St. Charles County case and the revocation of his probation in the St. Charles County case. He further contends that counsel's deficiency resulted in prejudice because, but for counsel's ineffectiveness, Movant would not have confessed to the probation violation. This claim fails.

Customarily, our review of the denial of a Rule 24.035 motion is "limited to a determination of whether the findings and conclusions of the trial court are clearly erroneous." Rule 24.035(k). This Court will find error only if, after review of the entire record, we have a definite and firm belief that a mistake has been made. McLaughlin v. State, 378 S.W.3d 328, 337 (Mo. banc 2012). On review, the findings and conclusions of the motion court are presumptively correct. Id. To warrant an evidentiary hearing, movant's motion must meet three requirements: (1) it must contain facts, not conclusions, which if true would warrant relief; (2) the alleged facts must not be refuted by the record;

---

[2] While Movant did not clarify whether he was challenging the voluntariness of his 2016 guilty plea or his 2019 admission of the probation violation, we understand from the remainder of his motion that he intended to challenge the voluntariness of his confession to the probation violation in 2019.

3

and (3) the matters complained of must have resulted in prejudice to movant.  Barnett v. State, 103 S.W.3d 765, 769 (Mo. banc 2003); see also Rule 24.035(h).

However, no such review is necessary when a movant asserts ineffective assistance from counsel's representation during the probation-revocation process because such claims are not cognizable under Rule 24.035.  Rule 24.035 provides that any person convicted of a felony upon a plea of guilty and delivered to the custody of the DOC may seek relief for claims that the conviction *or sentence imposed* violates the constitution or laws of this state or the constitution of the United States, including on the basis of ineffective assistance *of trial and appellate counsel*.  Rule 24.035(a) (emphasis added).

Rule 24.035 applies to challenges to claims for ineffective assistance of trial and appellate counsel and does not encompass claims for ineffectiveness of probation-revocation counsel.  Swallow v. State, 398 S.W.3d 1, 7 (Mo. banc 2013).  In Swallow, the Missouri Supreme Court held that "[a] claim of ineffective assistance of counsel for representation at a hearing on a motion to revoke probation is not cognizable in a post-conviction relief motion following a guilty plea; the proper remedy instead is habeas corpus."  Id.  Moreover, Rule 24.035 allows challenges only to the validity of convictions and sentences, and an attack on the validity of a judgment revoking probation on the grounds of ineffective assistance of counsel at a probation-revocation hearing is likewise not cognizable under Rule 24.035.  Griffin v. State, 937 S.W.2d 400, 401 (Mo. App. E.D. 1997).  Movant's claim here fails both because he does not challenge the effectiveness of his trial or appellate counsel, and because he challenges the validity of the judgment revoking his probation rather than his conviction or sentence, as required by Rule 24.035(a).

4

Movant concedes that post-conviction relief is generally unavailable for claims of ineffective assistance of probation-revocation counsel, but he argues that this Court's prior decision in Rush v. State creates an exception where the movant waives the probation-revocation hearing. 366 S.W.3d 663 (Mo. App. E.D. 2012). Movant mistakes this Court's holding in Rush v. State. The very different procedural background in Rush makes it inapplicable here.

In Rush, the defendant Rush pleaded guilty in 2004, and the plea court imposed a suspended imposition of sentence (SIS) and a term of probation, not an SES. Id. at 664. Rush violated the terms of his probation, and at a hearing in 2010, Rush waived his right to a hearing on his probation violation by confessing to the violation, after which the court revoked his probation and imposed a sentence of five years. Id. at 665. Rush subsequently filed a motion for post-conviction relief, claiming his counsel's performance at the 2010 sentencing hearing was ineffective and there was a reasonable probability that, but for counsel's ineffectiveness, the sentencing court would have imposed a lesser sentence than he received. Id. The motion court deemed his motion for post-conviction relief a claim for ineffective assistance of probation-revocation counsel and thus denied it on the grounds that such claims are not cognizable under Rule 24.035. Id.

Although this Court ultimately affirmed the denial of the motion for post-conviction relief, it held that the motion court erred in labeling Rush's claim as one for ineffective assistance of probation-revocation counsel and thus in determining Rush's claim was not cognizable under Rule 24.035. Id. at 666. Rather, this Court concluded the 2010 hearing was not a probation-revocation hearing but was a sentencing hearing, in that, because Rush had received an SIS after his 2004 guilty plea, no court had previously

5

imposed a sentence. Id.; see also Hoskins v. State, 329 S.W.3d 695, 698 n.3 (Mo. banc 2010) (SIS defers sentencing, and if defendant violates probation, court may revoke probation and impose any sentence within range of punishment). Thus, Rush's post-conviction claim was for ineffective assistance of counsel during a sentencing hearing, which is a cognizable claim under Rule 24.035. Rush, 366 S.W.3d at 666; see also Griffin, 937 S.W.2d at 400-01 (defendant's challenge to effectiveness of sentencing counsel during sentencing hearing after revocation of probation following SIS was cognizable under Rule 24.035 as challenge to legality of his sentence).

Here, unlike in Rush, the plea court previously *imposed* a sentence after Movant pleaded guilty in 2016 and merely suspended *execution* of the sentence. The sentencing hearing occurred in 2016, and the probation-revocation proceeding in 2019 was not a sentencing hearing. Hotz represented Movant during the probation-revocation proceedings but not during the original plea and sentencing proceedings. Thus, Movant's challenge to Hotz's performance during the 2019 probation-revocation proceedings can only be considered a claim of ineffective assistance of probation-revocation counsel, which is not cognizable under Rule 24.035. See Swallow, 398 S.W.3d at 7. Although Movant waived his hearing on the probation violation by admitting the violation, this waiver does not allow Movant to circumvent the plain language of Rule 24.035, which provides no remedy for claims of ineffective assistance of probation-revocation counsel or for claims attacking the validity of a judgment revoking probation, and Rush cannot be read as allowing such.[3] The proper remedy here for Movant is habeas corpus. See id.

---

[3] This Court's opinion in Durant v. State, 559 S.W.3d 74 (Mo. App. E.D. 2018) focused on the waiver of a hearing in determining whether to review the merits of a claim of ineffective assistance of counsel during the revocation of probation. We clarify here that the proper focus is whether the case involved a suspended execution of sentence—i.e., when the sentence was already imposed but not executed—versus a suspended

6

The motion court did not err in denying Movant's Rule 24.035 motion without an evidentiary hearing. See id. at 3 ("[e]ven if the stated reason for a circuit court's ruling is incorrect, the judgment should be affirmed if the judgment is sustainable on other grounds").

Point denied.

## Conclusion

Because Movant's motion for post-conviction relief asserting ineffective assistance of probation-revocation counsel was not cognizable under Rule 24.035, the motion court correctly denied the motion. The judgment of the motion court is affirmed.

_____
Gary M. Gaertner, Jr., J.

Robert M. Clayton III, P.J., and
Thomas C. Clark, II, J., concur.

---

imposition of sentence—i.e., when no sentence was previously imposed. Following an SES, the probation-revocation court is not the sentencing court and any challenge to the effectiveness of counsel at this stage is an improper attack on probation-revocation counsel, which is not cognizable under Rule 24.035. By contrast, following revocation of probation after an SIS, the probation-revocation court must then impose a sentence, and a challenge to the effectiveness of counsel during sentencing is cognizable under Rule 24.035.