**Shauna SOLIS, Appellant,**

v.

**STATE of Missouri, Respondent.**

**No. ED 82163.**

Missouri Court of Appeals,
Eastern District,
Division Two.

Oct. 14, 2003.

---

Gwenda Renee Robinson, St. Louis, MO, for appellant.

John M. Morris, Andrea M. Follett (co-counsel), Jefferson City, MO, for respondent.

## OPINION

GLENN A. NORTON, Presiding Judge.

Shauna Solis appeals the judgment dismissing her Rule 24.035 motion for failure to prosecute. We affirm.

## I. BACKGROUND

Solis pled guilty to two counts of forgery and received a suspended imposition of sentence and probation. Her probation was revoked, and she was sentenced to two consecutive five-year terms of imprisonment. Solis filed a timely *pro se* motion under Rule 24.035, and the court appointed counsel. Counsel timely filed an amended motion and requested an evidentiary hearing. In the motion, Solis alleged that she was denied due process because the court failed to conduct a Rule 29.07(b)(4)[1] examination as to counsel's effectiveness after

---

1. Rule 29.07(b)(4) provides in relevant part:

   If a defendant has a right to proceed under Rule 24.035 or Rule 29.15, the court at the conclusion of final sentencing shall advise the defendant of such right and shall examine the defendant as to the assistance of counsel received by the defendant. The examination shall be on the record and may be conducted outside the presence of the defendant's counsel. At the conclusion of the examination the court shall determine whether probable cause exists to believe the defendant has received ineffective assistance of counsel.

either her plea or her sentencing upon revocation. She claimed that she was prejudiced because had the court conducted the inquiry, she would have explained that her probation revocation and sentencing attorney misinformed her that she would receive 120–day "shock" time and the court would have found probable cause that counsel was ineffective.

The court scheduled an evidentiary hearing, which was continued twice on Solis's motions. The docket sheets reflect that the second motion was granted on August 23rd by telephone and that all attorneys were notified by phone that the hearing was continued to October 15th. On October 15th, no one appeared on Solis's behalf, and the court entered a judgment dismissing the case for failure to prosecute. Ten days later, Solis moved to reinstate her Rule 24.035 motion on the ground that counsel had not received the court's notice of the new hearing dated October 9th until over a week later and had no prior notice of the October 15th hearing. There is no court notice dated October 9th in the record. The court denied the motion to reinstate and did not enter findings of facts or conclusions of law on any of the issues presented in Solis's Rule 24.035 motion. Solis appeals.

## II. DISCUSSION

Solis contends on appeal that the court's failure to issue findings and conclusions requires remand and that the court abused its discretion by dismissing the case for failure to prosecute. Because the claims in her Rule 24.035 motion were not cognizable in a post-conviction motion, both points are denied.

■■■ Solis's claim that she was denied due process because the court failed to conduct a Rule 29.07(b)(4) examination is not cognizable in a post-conviction motion. Rule 29.07(b)(4) proceedings simply serve

as a preliminary hearing on ineffective assistance of counsel for post-conviction relief. *State v. Debler*, 856 S.W.2d 641, 652 (Mo. banc 1993). "The Rule 29.07(b)(4) proceedings are not a critical stage of the criminal justice system." *Id.; see also generally State v. Ervin*, 835 S.W.2d 905, 931 (Mo. banc 1992) (no Sixth Amendment right to counsel at Rule 29.07(b)(4) examination). The failure to conduct a Rule 29.07(b)(4) examination simply cannot render a plea involuntary or a sentence unconstitutional or illegal, entitling a defendant to relief under Rule 24.035. Counsel's ineffectiveness before a plea may cause a defendant to enter a plea involuntarily and is a cognizable post-conviction claim, one that Solis did not assert. *Wilkins v. State*, 802 S.W.2d 491, 497 (Mo. banc 1991). And counsel's performance at sentencing is also cognizable under Rule 24.035 to the extent that but for counsel's errors, the defendant would have received a lesser sentence—which, again, is not what Solis asserted, claiming instead that the court entered a sentence that was longer than she expected. *See Adams v. State*, 951 S.W.2d 722, 724 (Mo. App. W.D.1997) (citing *Griffin v. State*, 937 S.W.2d 400, 401 (Mo.App. E.D.1997)). But the court's failure to examine the defendant *after the sentence is entered* about counsel's ineffectiveness certainly cannot be said to have affected either the voluntary nature of the plea or the length of the sentence.

■■■ The failure to conduct an examination under Rule 29.07(b)(4) did not deprive Solis of due process in the plea and sentencing proceedings. If that examination affects any process rights, it is at the post-conviction stage. A finding of probable cause upon a Rule 29.07(b)(4) examination entitles the defendant to new counsel to perfect an appeal or file a post-conviction motion. Thus, the failure to conduct

an examination may, in some cases, prejudice the defendant's ability to seek relief in a post-conviction motion. *But see, e.g., Reed v. State*, 781 S.W.2d 573 (Mo.App. E.D.1989) and *Drewel v. State*, 835 S.W.2d 401, 402–03 (Mo.App. E.D.1992) (refusing to allow untimely filing of post-conviction motions just because trial court failed to admonish defendant about post-conviction rights under Rule 29.07(b)(4)). That is not the case here, however, because Solis had new counsel and her post-conviction motion was timely filed. Even if it were, that would not make these claims cognizable in a Rule 24.035 motion. Post-conviction proceedings are directed at defects that led to sentencing, not to claims of constitutional violations in the post-conviction proceedings themselves. *See Johnson v. State*, 4 S.W.3d 154, 156 (Mo.App. S.D.1999).

Because her claims were not cognizable in a post-conviction motion, the court was not required to enter findings of fact and conclusions of law. *See White v. State*, 57 S.W.3d 341, 343 (Mo.App. E.D.2001).[2] Likewise, even if dismissing this case for failure to prosecute was an abuse of discretion, remand for an evidentiary hearing would be unnecessary because Solis is entitled to no relief as a matter of law. *See Cross v. State*, 37 S.W.3d 256, 260 (Mo. App. E.D.2000).

### III. CONCLUSION

The judgment is affirmed.

KATHIANNE KNAUP CRANE, J. and MARY K. HOFF, J. concurring.

---

**2.** Even if Solis had asserted proper post-conviction claims, she failed to appear and present any evidence at the evidentiary hearing to support them. If the court grants a hearing on a post-conviction motion and the movant fails to present substantial evidence at the hearing to support an allegation, then the court is not required to enter findings and conclusions on that allegation. *White*, 57 S.W.3d at 343.