Jon ZIEBOL, Movant/Appellant,

v.

STATE of Missouri, Respondent.

No. ED 98530.

Missouri Court of Appeals,
Eastern District.
Division Four.

Jan. 2, 2013.

Motion for Rehearing and/or Transfer to Supreme Court Denied Feb. 7, 2013.

Application for Transfer Denied March 19, 2013.

Lisa M. Stroup, St. Louis, MO, for appellant.

Chris Koster, Atty. Gen., Shaun J. Mackelprang, Asst. Atty. Gen., Jefferson City, MO, for respondent.

LAWRENCE E. MOONEY, Presiding Judge.

The movant, Jon Ziebol, appeals the motion court's order denying his Rule 24.035 motion for post-conviction relief without an evidentiary hearing. Following the movant's open plea, the Circuit Court of the

City of St. Louis entered its judgment of conviction of first-degree assault and armed criminal action. The court sentenced the movant to two concurrent terms of twenty years, suspended execution of the sentences, and invoked dual jurisdiction of both the criminal and juvenile codes pursuant to section 211.073 RSMo. (2000).[1] The court executed the movant's sentences more than two years later, and the movant then sought post-conviction relief. On appeal, he alleges the motion court clearly erred when it denied his claims for relief and request for an evidentiary hearing. We affirm the motion court's judgment.

The movant was fifteen years old at the time he shot the victim, leaving the victim paralyzed from the chest down. The court certified the movant for prosecution under the general laws of the State in a court of general jurisdiction. In other words, the court certified the movant to stand trial as an adult, rather than pursuing adjudication through the juvenile justice system. The movant entered an open plea of guilty in 2007 to one count of first-degree assault, in violation of section 565.050, and one count of armed criminal action, in violation of section 571.015. At the time of the movant's guilty plea, he was sixteen years old.

The court sentenced the movant shortly before his seventeenth birthday to two concurrent sentences of twenty years in the Missouri Department of Corrections. The court invoked dual jurisdiction pursuant to section 211.073.[2] The court suspended execution of the movant's sentences in the Department of Corrections, imposed a juvenile disposition, and ordered the movant's placement in a program with the Division of Youth Services in a dual-jurisdiction facility. The sentencing judge warned the movant that, in her opinion, any violations of the juvenile program would result in the movant going to prison. The Division of Youth Services terminated the movant from its juvenile program in 2009, and filed a petition requesting that it be relieved of custody of the movant. After a hearing, the court granted the petition and executed the movant's twenty-year sentences in the Department of Corrections.

The movant then filed a motion for post-conviction relief. First, the movant claimed that plea counsel was ineffective because counsel mistakenly advised him that he would receive a sentence of only twelve to fifteen years of incarceration if he pleaded guilty. Second, the movant asserted that plea counsel failed to advocate for a more favorable disposition by calling additional witnesses on the movant's behalf at the hearing to transfer custody from the Division of Youth Services.

---

1. All statutory references are to RSMo. (2000).

2. Section 211.073.1 provides:
 The court may, in a case when the offender is under seventeen years of age and has been transferred to a court of general jurisdiction pursuant to section 211.071, and whose prosecution results in a conviction or a plea of guilty, invoke dual jurisdiction of both the criminal and juvenile codes, as set forth in this section. The court is authorized to impose a juvenile disposition under this chapter and simultaneously impose an adult criminal sentence, the execution of which shall be suspended pursuant to the provisions of this section. Successful completion of the juvenile disposition ordered shall be a condition of the suspended adult criminal sentence. The court may order an offender into the custody of the division of youth services pursuant to this section if:
 (1) A facility is designed and built by the division of youth services specifically for offenders sentenced pursuant to this section and if the division determines that there is space available, based on design capacity, in the facility; and
 (2) Upon agreement of the division.

The motion court denied the movant's request without an evidentiary hearing. The movant appeals.

■ Our review of a motion court's denial of a Rule 24.035 motion for post-conviction relief is limited to a determination of whether the findings of fact and conclusions of law are clearly erroneous. Rule 24.035(k); *Worthington v. State,* 166 S.W.3d 566, 572 (Mo. banc 2005); *Kennell v. State,* 209 S.W.3d 504, 506 (Mo.App. E.D.2006). A motion court's findings and conclusions are clearly erroneous only if, after a full review of the record, we are left with a definite and firm impression that a mistake has been made. *Worthington,* 166 S.W.3d at 572; *Kennell,* 209 S.W.3d at 506.

■ The motion court in this case denied the movant's claims without an evidentiary hearing. To receive an evidentiary hearing on a Rule 24.035 motion, a movant must meet three requirements: (1) the motion must allege facts, not conclusions, that warrant relief; (2) the facts alleged must raise matters not conclusively refuted by the files and records of the case; and (3) the matters complained of must have resulted in prejudice to the movant. *Dorsey v. State,* 115 S.W.3d 842, 844–45 (Mo. banc 2003); *Kennell,* 209 S.W.3d at 506. No evidentiary hearing is necessary absent any one of the three requirements. *Id.*

■ The movant alleges ineffective assistance of plea counsel. To show ineffective assistance of counsel, a movant must demonstrate: (1) that counsel's performance failed to conform to the degree of skill, care, and diligence of a reasonably competent attorney under similar circumstances; and (2) that counsel's deficient performance prejudiced the defense by showing a reasonable probability that, but for counsel's errors, the result of the proceeding would have been different. *Wor-*

*thington,* 166 S.W.3d at 572–73 (citing *Strickland v. Washington,* 466 U.S. 668, 687–88, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984)). To satisfy the "prejudice" requirement after entering a guilty plea, a movant must show that, but for counsel's errors, he would not have pleaded guilty, but would have insisted on going to trial. *Id.* at 573.

In his first point, the movant alleges that counsel was ineffective because counsel mistakenly advised him that he would receive a sentence of only twelve to fifteen years of incarceration if he pleaded guilty. Instead, the movant received two concurrent terms of imprisonment of twenty years. As a result of plea counsel's representations, the movant argues, his plea was involuntary.

■ The record conclusively refutes the movant's assertion that counsel promised him the court would sentence him to no more than fifteen years. At the movant's guilty-plea hearing in 2007, the movant was first duly sworn by the deputy clerk. He testified that no one had made any threats or promises in order to get him to plead guilty. He confirmed that he was pleading guilty of his own free will. He stated that he understood the range of punishment for the first-degree assault was ten to thirty years or life imprisonment, and the range of punishment for the armed criminal action was three years to life. The court specifically asked the movant whether plea counsel had made any promises about what would happen if the movant pleaded guilty, and the movant replied, "No, ma'am." The movant then reiterated that plea counsel had made no promises about how much time he would have to serve. He acknowledged that counsel had explained that he would have to serve 85 percent of his term if he was sentenced in the adult system. As a result, the record of the plea hearing refutes any allegation that counsel induced the

movant to plead guilty by promising that he would receive a sentence of twelve to fifteen years. The record demonstrates that the movant pleaded guilty voluntarily and knowingly.

■ Furthermore, at both the plea hearing and the sentencing in 2007, the movant stated that he was satisfied with his attorneys' services. Over two years later, after the court ordered execution of the movant's twenty-year sentences, the movant again stated that counsel had done a "[g]reat job" for him. A movant is barred from obtaining postconviction relief based on ineffective assistance of counsel when he has repeatedly assured the court at the plea and sentencing hearings that he is satisfied with counsel's performance. *Wild v. State*, 345 S.W.3d 328, 330 (Mo. App. E.D.2011).

■ In an effort to avoid what the record shows, however, the movant now asserts that he merely answered the court's questions as plea counsel instructed. He does not allege that counsel told him to lie. But even had the movant made such an assertion, a mere allegation that a movant's attorney told him to lie at the plea proceeding does not entitle the movant to an evidentiary hearing, and as here, such allegations can be refuted by the record. *Cooper v. State*, 879 S.W.2d 614, 617 (Mo. App. E.D.1994). The record conclusively refutes the movant's claim, and we deny his first point.

In his second point, the movant alleges that plea counsel was ineffective for failing to advocate that the movant receive a more favorable disposition by calling additional witnesses on his behalf at the hearing to transfer custody from the Division of Youth Services. The movant argues that the court would not have executed his twenty-year sentences had counsel called these additional witnesses.

■ A movant who pleads guilty waives any claim of ineffective assistance of counsel except to the extent that counsel's conduct bears upon the voluntariness and understanding with which the movant entered the plea.[3] *Worthington*, 166 S.W.3d at 573. Rule 24.035 allows challenges only to. the validity of judgments of conviction or sentences, and then only on specified grounds. *Snyder v. State*, 288 S.W.3d 301, 303 (Mo.App. E.D.2009); *Griffin v. State*, 937 S.W.2d 400, 401 (Mo.App. E.D.1997).

The movant raises an apparently novel claim. The movant does not substantively challenge his 2007 conviction or sentence. Rather, his argument invokes alleged problems with counsel's effectiveness in the 2009 hearing to transfer custody from the Division of Youth Services that resulted in execution of the sentences imposed in 2007. The court's order that the movant's twenty-year sentences be executed following the hearing on the petition to transfer

---

**3.** We acknowledge that a movant who pleads guilty, and has not yet had sentence imposed, has a right to effective assistance of counsel at sentencing following revocation of his probation. *Rush v. State*, 366 S.W.3d 663, 666 (Mo.App. E.D.2012). Complaints regarding the effectiveness of sentencing counsel, immediately following a probation revocation when that probation resulted from a prior guilty plea, are cognizable under Rule 24.035. *Id.* Ineffective assistance of counsel during a sentencing hearing can result in *Strickland* prejudice because any additional jail time has Sixth Amendment significance. *Id.* (citing *Lafler v. Cooper*, —— U.S. ——, 132 S.Ct. 1376, 1386, 182 L.Ed.2d 398 (2012)). But this analysis applies to the sentencing process, and thus to cases where imposition of sentence has been suspended, not to cases such as this one where the court has already imposed sentence but execution of the sentence has been suspended. And, importantly, section 211.073.1 only authorizes a trial court that is invoking dual jurisdiction to suspend execution of the adult criminal sentence, not imposition of the adult criminal sentence.

custody from the Division of Youth Services is analogous to execution of a sentence following a probation-revocation hearing. As with a probation-revocation hearing where sentence has already been pronounced, the hearing to transfer custody was not part of the process resulting in the judgment of conviction and imposition of sentence. Rather, like a probation-revocation hearing where sentence has already been pronounced, the transfer-of-custody hearing involved the question of whether the sentences already imposed by the court should be executed.

 Here, the court merely terminated the custody of the Division of Youth Services, much like a court might revoke a defendant's probation, and the court executed the movant's sentences imposed two years earlier, much as a court might do after a probation-revocation hearing where sentence had already been pronounced. A challenge to the legality of a probation revocation based upon ineffective assistance of counsel is not a cognizable claim under Rule 24.035. *Rush v. State*, 366 S.W.3d 663, 665 (Mo.App. E.D.2012); *Snyder*, 288 S.W.3d at 303. Habeas corpus is the proper remedy. *Id.* Likewise, we hold that a Rule 24.035 motion is not the proper procedure by which to challenge the effectiveness of counsel at a hearing to transfer custody from the Division of Youth Services. We deny the movant's second point.

The record conclusively refutes the movant's first claim that counsel promised him a sentence of only twelve to fifteen years. The movant's second claim is not cognizable under Rule 24.035. Consequently, we affirm the motion court's judgment.

PATRICIA L. COHEN, J., and KURT S. ODENWALD, J., concur.