Telisha LIGGINS, Appellant,

v.

STATE of Missouri, Respondent.

No. ED 104245

Missouri Court of Appeals, Eastern District, **Division Five**.

Filed: March 7, 2017

Lisa M. Stroup, Office of State Public Defender, St. Louis, MO, for Appellant.

Mary H. Moore, Assistant Attorney General, Jefferson City, MO, for Respondent.

### Introduction

Philip M. Hess, Chief Judge

Telisha Liggins (Liggins) appeals the judgment of the Circuit Court of the City of St. Louis denying her amended Rule 29.15[1] motion for post-conviction relief following an evidentiary hearing. Liggins argues the motion court erred when it denied her Rule 29.15 motion because she pleaded facts, unrefuted by the record, that trial counsel was ineffective for failing to adduce from expert witnesses that her post-traumatic stress disorder (PTSD) caused her to have a flat affect[2] when police first encountered her. Finding no error, we affirm.

### Factual and Procedural History

Liggins and Victim had a romantic relationship. On November 12, 2009, Liggins went to Victim's residence. In the afternoon, the two began to argue about Liggins' relationships with other men. Victim slapped Liggins, and Liggins responded by striking Victim in the head with a board and stabbing Victim thirteen times in the

---

1. Unless otherwise noted, all references to Rules are to Missouri Supreme Court Rules (2015).

2. During Liggins' trial, Dr. Rachel Springman, Ph.D., defined flat affect as "emotional numbing or diminished responsiveness where it looks like [a person is] very flat."

back and once through the heart. The stab wound to Victim's heart caused his death.

Liggins called 911 to report Victim's death. When the first police officer arrived, Liggins answered the door with blood on her clothes and hands. The officer immediately saw Victim's body. Liggins told the officer that Victim was her cousin and that she found his body when she came to check on him. She claimed the blood on her clothes and hands was from trying to wake Victim up. The officer noticed that Liggins did not seem very disturbed. During an interview with another police officer, Liggins spoke in a monotone voice, which the officer found unusual if she had just "walked up" on the body. When the officer told Liggins the blood splatter on her purse was inconsistent with merely touching a body, Liggins confessed to killing Victim.

A grand jury indicted Liggins on one count of first-degree murder and one count of armed criminal action. Liggins waived her right to a jury trial. At her bench trial, Liggins called Dr. Bridget Graham–Hoyer, Ph.D., a clinical psychologist, and Dr. Rachel Springman, Ph.D., a psychologist, to testify. Both Dr. Graham–Hoyer and Dr. Springman testified that Liggins suffered from PTSD. Dr. Graham–Hoyer testified that a symptom of PTSD is avoiding the thoughts, feelings, people, places, and situations that could remind one of a traumatic experience. Dr. Graham–Hoyer explained that this symptom can display itself in a flat affect and stated that Liggins' flat affect during her interaction with police was consistent with PTSD. Dr. Springman testified that a flat affect is a "hallmark symptom of PTSD" and that the police report indicated that Liggins sounded "very flat" during her interaction with police. Liggins was found guilty of second-degree murder and armed criminal action and sentenced to two concurrent eighteen-year sentences of imprisonment. We affirmed on direct appeal. *State v. Telisha Liggins*, 456 S.W.3d 859 (Mo. App. E.D. 2014).

Liggins filed an amended Rule 29.15 motion, alleging that trial counsel was ineffective for failing to adduce from expert witnesses that her PTSD caused her to have a flat affect when police first encountered her. The motion court conducted an evidentiary hearing on Liggins' motion.

At the evidentiary hearing, Liggins called trial counsel to testify. Trial counsel testified that during trial she asked Dr. Springman why she thought Liggins met the criteria for PTSD the day of the murder. Trial counsel testified that she did not ask Dr. Springman a specific question about Liggins' flat affect during her first interaction with police because Dr. Springman had already explained to the court that she considered the flat affect in her diagnosis of Liggins' PTSD. Liggins also called Dr. Springman to testify at the evidentiary hearing. Dr. Springman testified that during trial she testified that Liggins displayed a flat affect during her encounter with the police and that she discussed Liggins' flat affect in terms of why she believed Liggins suffered from PTSD.

The motion court denied Liggins' amended Rule 29.15 motion. It found that the record clearly refuted Liggins' claim that trial counsel failed to adduce from the expert witnesses that Liggins' PTSD caused her to have a flat affect when police first encountered her. The motion court determined that the trial transcript demonstrated trial counsel asked both expert witnesses whether or not Liggins' behavior when interacting with police was consistent with PTSD, and that both expert witnesses spent a considerable amount of time explaining why Liggins' behavior during her interaction with police was consistent with PTSD. This appeal follows.

### Relevant Law

We review the denial of a post-conviction motion for whether the motion court's findings of fact and conclusions of law are clearly erroneous. Rule 24.035(k). Findings of fact and conclusions of law are clearly erroneous only if, after a review of the entire record, we are "left with the definite and firm impression that a mistake has been made." *Smith v. State*, 370 S.W.3d 883, 885 (Mo. banc 2012).

■ To be entitled to post-conviction relief under Rule 29.15, a movant must show by a preponderance of the evidence that trial counsel failed to provide effective assistance of counsel under the *Strickland* standard. *Zink v. State*, 278 S.W.3d 170, 175 (Mo. banc 2009). *Strickland* requires that a movant demonstrate his or her counsel: 1) failed to exercise the level of skill and diligence that a reasonably competent counsel would exercise in a similar situation, and 2) that the movant was prejudiced by that failure. *Strickland v. Washington*, 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984).

■ There is a strong presumption that counsel's conduct was reasonable and effective. *Mallow v. State*, 439 S.W.3d 764, 769 (Mo. banc 2014). To overcome this presumption, a movant must point to "specific acts or omissions of counsel that, in light of all the circumstances, fell outside the wide range of professional competent assistance." *Zink*, 278 S.W.3d at 176.

■ Prejudice occurs when there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. *Deck v. State*, 68 S.W.3d 418, 429 (Mo. banc 2002). Mere conclusory speculations of prejudice are not considered substantive evidence of counsel's ineffectiveness. *State v. Hamilton*, 817 S.W.2d 8, 12 (Mo. App. W.D. 1991).

### Discussion

■ In her sole point relied on, Liggins argues the motion court erred when it denied her Rule 29.15 motion because she pleaded facts, unrefuted by the record, that trial counsel was ineffective for failing to adduce from expert witnesses that her post-traumatic stress disorder (PTSD) caused her to have a flat affect when police first encountered her. Liggins asserts that if trial counsel had adduced from expert witnesses that her PTSD caused her to have a flat affect when police first encountered her, it would have explained that Liggins' apparent lack of emotion was not a result of indifference to Victim's death. In response, the State asserts that the motion court did not err in denying the motion because the record clearly refutes that trial counsel failed to adduce from expert witnesses that Liggins' PTSD caused her flat affect when police first encountered her.

We agree with the State that the record clearly refutes Movant's claim that trial counsel failed to adduce from the expert witnesses that Liggins' PTSD caused her to have a flat affect when police first encountered her. Both expert witnesses testified that Liggins suffered from PTSD. Dr. Graham–Hoyer testified that Liggins' flat affect was consistent with a symptom of PSTD that causes one to avoid reminders of traumatic events. Dr. Springman testified that a flat affect is a "hallmark symptom" of PTSD and that Liggins displayed a flat affect in her interactions with police. Both expert witnesses spent a considerable amount of time explaining how Liggins' behavior when police first encountered her was consistent with PTSD. Trial counsel therefore did adduce evidence from the expert witnesses that explained that PTSD caused Liggins to have a flat affect when police first encountered her. Thus, the rec-

ord clearly refutes Liggins' allegation that trial counsel was ineffective.

Furthermore, Liggins failed to establish the prejudice prong of the *Strickland* test. Liggins asserts that if trial counsel had adduced testimony from the expert witnesses explaining that her PSTD caused her to have a flat affect when police first encountered her, there is a reasonable probability the trial court would have sentenced her to less than eighteen years' imprisonment and found her guilty of second-degree involuntary manslaughter instead of second-degree murder. However, as noted above, both expert witnesses testified that Liggins suffered from PTSD and that her flat affect during her interaction with police was consistent with PTSD. The trial judge heard this evidence, found Liggins guilty of second-degree murder, and sentenced her to eighteen years' imprisonment. Liggins' allegation of prejudice is conclusory speculation and therefore not substantive evidence of prejudice. *Hamilton*, 817 S.W.2d at 12. Accordingly, Liggins' point is denied.

### Conclusion

The motion court did not clearly err by denying Liggins' post-conviction motion. The record clearly refutes Liggins' claim that trial counsel failed to adduce from expert witnesses that her PTSD caused her to have a flat affect when police first encountered her. Moreover, Liggins failed to establish prejudice. The judgment of the motion court is affirmed.

Lawrence E. Mooney, J. and Kurt S. Odenwald, J. concur.