**Tyler O. JOHNSON, Appellant/Movant,**

**v.**

**STATE of Missouri, Respondent.**

**No. ED 104838**

Missouri Court of Appeals,
Eastern District,
DIVISION TWO.

Filed: September 12, 2017

FOR APPELLANT: Edward S. Thompson, Missouri Public Defender's Office, 1010 Market Street, Suite 1100, St. Louis, Missouri 63101.

FOR RESPONDENT: Dora A. Fichter, Assistant Attorney General, PO Box 899, Jefferson City, Missouri 65102.

Philip M. Hess, Judge

## Introduction

Tyler Johnson (Movant) appeals from the judgment of the circuit court of Cape Girardeau County denying his Rule 24.035[1] motions for post-conviction relief without an evidentiary hearing. In his sole point on Appeal, Movant argues that the motion court clearly erred in denying his motions because he pleaded facts, unrefuted by the record, that his counsel induced his guilty plea by incorrectly promising him that the sentencing court would impose a sentence of no more than 120-days of drug treatment under § 559.115. Movant further asserts that the sentencing court's failure to conduct a Rule 29.07(b)(4) inquiry requires this Court to remand for an evidentiary hearing. Finding no error, we affirm.

## Factual Background

On September 27, 2014, Movant robbed a man in his home. During the robbery, Movant threatened the man with a gun and forcibly stole his cash and credit cards. On September 28, 2014, Movant entered a Dollar General in Cape Girardeau in the early morning hours. Movant flourished a gun at one of the store's workers and demanded money, which he received.

Movant was arrested and charged with two counts of first-degree robbery, one count of kidnapping, one count of second-degree assault, and four counts of armed criminal action.[2] In November 2015, Movant pleaded guilty pursuant to a plea bargain he entered into with the State. As part of the plea bargain, Movant agreed to plead guilty to his two robbery charges, with the State dismissing all non-robbery charges and agreeing to a fifteen-year cap on his sentences with each sentence to run concurrently. Movant's two petitions to plead guilty specified that he understood the range of punishments he could receive were ten to thirty years' imprisonment or life, but that that the State was agreeing to recommend a 15-year sentence. The petitions also stated that

> [i]f anyone else made any promises or suggestions, except as noted in the previous sentences, I know that he had no authority to do it. I know that the sentence I will receive is solely a matter within the control of the Judge. . . . I am prepared to accept any punishment permitted by law. . . .

Movant signed each page of his petitions to plead guilty.

The plea court conducted a hearing, during which it questioned Movant about his knowledge of his rights and the voluntariness of his plea. During the hearing, the following exchange took place:

> [Plea Court]: Has anybody promised you anything other than the plea agreement to get you to plead guilty?
>
> [Movant]: No, sir.
>
> [Plea Court]: Has anybody threatened you or threatened anyone you care about to get you to plead guilty?

---

1. All references to "Rules" are to the Missouri Supreme Court Rules (2016).

2. Movant's charges were separated into two cases, but we consolidated the cases on appeal.

[Movant]: No, sir.

[Plea Court]: Has anybody told you that anything to do with these cases is a secret and you're not supposed to talk to me about it?

[Movant]: No, sir.

. . . .

[Plea Court]: When we come back [for sentencing] in December, the State is going to argue that you be sentenced to 15 years on each count and that those sentences be concurrent. [Movant's Counsel] is going to argue for something less. It is an offense for which, in appropriate circumstances, the Court can suspend execution of sentence. I don't know if he's going to argue for that. . . . [T]he worst that could happen at sentencing is 15 years on each count . . . served at the same time. . . . Do you understand that?

[Movant]: Yes, sir.

Movant's sentencing hearing took place in December 2015. Movant's counsel requested the sentencing court to consider either placing Movant in a 120-day drug treatment program in the Department of Corrections or placing him on probation. The court asked Movant whether there was anything he wanted to tell the court before it pronounced his sentence. Movant took the opportunity to apologize for his crimes. The court then sentenced Movant to two concurrent fifteen-year sentences. The court read Movant his post-conviction rights under Rule 24.035 but did not conduct a Rule 29.07(b)(4) inquiry.

Movant filed two Rule 24.035 motions for post-conviction relief, and his appointed counsel filed two duplicate amended motions. The motion court denied both motions without evidentiary hearings. Movant appealed the motion court's judgments, and this Court consolidated the appeals.

## Standard of Review

We review the denial of a post-conviction motion for whether the motion court's findings of fact and conclusions of law are clearly erroneous. Rule 24.035(k). Findings of fact and conclusions of law are clearly erroneous only if, after a review of the entire record, we are left with the definite and firm impression that a mistake has been made. *Liggins v. State*, 512 S.W.3d 847, 850 (Mo. App. E.D. 2017).

The motion court in this case denied movant's claim without an evidentiary hearing. To be entitled to an evidentiary hearing: (1) the movant must allege facts that, if true, would warrant relief; (2) the allegations must not be refuted by the record; and (3) the movant must demonstrate he was prejudiced by the alleged errors. *Thompson v. State*, 449 S.W.3d 53, 58 (Mo. App. W.D. 2014). "A hearing is not required if the court determines that the motion and the files and records of the case conclusively show that the movant is entitled to no relief." *Id.*

Movant alleges ineffective assistance of counsel. To show ineffective assistance of counsel, a movant must demonstrate: (1) that counsel's performance failed to conform to the degree of skill, care, and diligence of a reasonably competent attorney under similar circumstances; and (2) that counsel's deficient performance prejudiced the defense by showing a reasonable probability that, but for counsel's errors, the result of the proceeding would have been different. *Worthington v. State*, 166 S.W.3d 566, 572–73 (Mo. banc 2005) (citing *Strickland v. Washington*, 466 U.S. 668, 687–88, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984)). To satisfy the prejudice requirement after pleading guilty, a movant must show that, but for counsel's errors, he would not have pleaded guilty, but would have insisted on going to trial. *Ziebol v. State*, 436 S.W.3d 213, 216 (Mo. App. E.D. 2013).

## Discussion

█ Movant argues that the motion court clearly erred in denying his motions for post-conviction relief because he alleged unrefuted facts that his attorney induced his guilty plea by promising him the court would impose a sentence of no more than 120-days of drug treatment pursuant to § 559.115.[3] Movant concedes that he affirmed during his plea hearing that nobody made promises to him regarding his sentence, but he now argues that his plea counsel told him to lie at the hearing and disavow that any promises had been made. Movant also asserts that because the sentencing court failed to conduct a Rule 29.07(b)(4) inquiry, there is insufficient evidence in the record to refute his claim. The State contends that the record refutes Movant's claim, but does not directly address Movant's argument regarding Rule 29.07(b)(4).

Rule 29.07(b)(4) requires the court, following a defendant's sentencing, to advise the defendant of his post-conviction rights and inquire into the assistance of counsel received by the defendant. If the court finds probable cause that counsel was ineffective, the court will order the defendant's counsel to withdraw, and the court will then appoint new counsel[4] to represent the defendant in his appeal or post-conviction proceedings. *Id.* Although the sentencing court here advised Movant of his post-conviction rights under Rule 24.035, the court did not inquire into his assistance of counsel.

In his reply brief, Movant asserts that "the question before this Court is whether a sentencing court may jettison Missouri Supreme Court Rule 29.07(b)(4)." However, this Court has already determined that a sentencing court's failure to conduct a Rule 29.07(b)(4) inquiry does not, by itself, warrant an evidentiary hearing. In *Solis v. State*, the movant claimed she was denied due process because the sentencing court failed to conduct a Rule 29.07(b)(4) inquiry. 119 S.W.3d 172, 173-74 (Mo. App. E.D. 2003). The movant argued she was prejudiced "because had the court conducted the [Rule 29.07(b)(4)] inquiry, she would have explained that her [counsel] misinformed her that she would receive 120–day 'shock' time...." *Id.* at 174. We held that her claim was not cognizable in a post-conviction motion because the failure to conduct a Rule 29.07(b)(4) inquiry cannot render a plea involuntary or a sentence unconstitutional. *Id.* We explained that "the court's failure to examine the defendant *after the sentence is entered* about counsel's ineffectiveness certainly cannot be said to have affected either the voluntary nature of the plea or the length of the sentence." *Id.* (emphasis in original). We noted that in some cases a failure to conduct a Rule 29.07(b)(4) inquiry can prejudice a defendant's ability to seek post-conviction relief if their post-conviction counsel is the same attorney as plea counsel. *Id.* at 174-75. However, that is not the case here because Movant was represented by new counsel for his post-conviction proceedings.

█ Therefore, the question before us is whether Movant's claim is refuted by the record. The fact that the sentencing court failed to hold a Rule 29.07(b)(4) hearing is not determinative on that issue. Although the sentencing court did not question Movant about his counsel's effectiveness, the plea court questioned Movant extensively on that issue. As our Supreme Court explained in *State v. Driver*, 912 S.W.2d 52, 56 (Mo. banc 1995):

---

**3.** All statutory references are to RSMo (2000) as supplemented.

**4.** Counsel will be appointed only if the defendant is indigent. Rule 29.07(b)(4).

[Because] of the thoroughness of the questioning conducted in most guilty plea proceedings, significant numbers of Rule 24.035 motions are appropriately overruled without evidentiary hearing <u>because the inquiry conducted by the trial court upon taking the guilty plea elicits responses that conclusively refute allegations in a later filed Rule 24.035 motion.</u>

(Emphasis added).

The plea court here explained to Movant his sentencing range in great detail, and Movant affirmed that he understood the range of sentences he could receive. Movant claims that his counsel promised him he would be sentenced to, at worst, drug treatment, but that claim is plainly refuted by Movant's admission to the plea court that nobody made such promises to him. Movant's petitions to plead guilty also stated that he understood that nobody had authority to make any promises or suggestions regarding his sentence except as specified in the plea agreement. Movant's assertion that his counsel told him to withhold information from the plea court is also refuted by the record. The plea court asked Movant "whether anybody told you that anything to do with these cases is a secret and you're not supposed to talk to me about it?" Movant responded no. As this Court held in *Ziebol v. State*, "a mere allegation that a movant's attorney told him to lie at the plea proceeding does not entitle the movant to an evidentiary hearing, and as here, such allegations can be refuted by the record." 436 S.W.3d at 217 (citing *Cooper v. State*, 879 S.W.2d 614, 617 (Mo. App. E.D. 1994)); *see also Pines v. State*, 778 S.W.2d 724 (Mo. App. E.D. 1989). Movant's point is denied.

## Conclusion

■ We do not condone the sentencing court's failure to conduct a Rule 29.07(b)(4) inquiry. The text of Rule 29.07(b)(4) makes clear that such an inquiry is not optional. However, because Movant's claim is conclusively refuted by the record, the motion court did not clearly err in denying his claim without an evidentiary hearing. The judgment of the motion court is affirmed.

Lisa P. Page, P.J. and Roy L. Richter, J. concur.