

# Missouri Court of Appeals
## Southern District

### In Division

JOSHUA JOHNSON,                )
                               )
    Movant-Appellant,          )
                               )
v.                             )    No. SD37528
                               )    Filed: **April 5, 2023**
STATE OF MISSOURI,             )
                               )
    Respondent-Respondent.     )

APPEAL FROM THE CIRCUIT COURT OF MISSISSIPPI COUNTY

Honorable David A. Dolan, Circuit Judge

## **AFFIRMED**

Joshua Johnson ("Johnson") appeals the judgment of the motion court denying his Rule 24.035[1] amended motion for post-conviction relief following an evidentiary hearing. Johnson raises two points on appeal. In Point I, Johnson claims his guilty plea was unknowing, unintelligent, and involuntary in that counsel led "[Johnson] to believe that he would receive a sentence of straight probation[.]" In Point II, Johnson claims the trial court violated his constitutional rights "when it continued with sentencing proceedings while [Johnson] was either unconscious or semi-conscious and concluded the sentencing proceedings without affording him

---

[1] Unless otherwise noted, statutory references are to RSMo 2016 as amended through the date of Johnson's sentencing on May 1, 2018, and all rule references are to Missouri Court Rules (2021).

the opportunity to respond[.]" Johnson requests this Court reverse the motion court's judgment, vacate his sentence, and remand for resentencing. Because we reject both of Johnson's points, the judgment is affirmed.

## Factual Background and Procedural History

The State charged Johnson with one count of first-degree felony assault (Count I), one count of felony abuse or neglect of a child (Count II), and one count of first-degree felony endangering the welfare of a child (Count III). *See* Sections 560.050; 568.060; 568.045. On March 13, 2018, the trial court convicted Johnson of Count III following his plea of guilty without an agreement as to sentence.

In response to the trial court's plea colloquy on March 13, 2018, Johnson testified that he read, understood, and signed a "Petition to Enter a Plea of Guilty." In that document, Johnson acknowledged that his "lawyer informed [him] that the range of punishment which the law provides in this case is 5-15 yrs MDC," and that "no officer or agent of any branch of government (federal, state or local) has promised or suggested that I will receive a particular sentence, or probation, or any other form of leniency if I plead GUILTY." During the plea colloquy, the trial court explained that Count III "carries a range of punishment of a term in the Department of Corrections of not less than five not to exceed fifteen years[,]" and Johnson expressed his understanding. Johnson also expressed his satisfaction with plea counsel. The trial court accepted Johnson's plea as knowing and voluntary.

On May 1, 2018, the trial court sentenced Johnson to twelve years' imprisonment in the Missouri Department of Corrections, with placement in the probationary 120-day shock incarceration program under Section 559.115.3. The record reflects Johnson's plea counsel reviewed the sentencing report with Johnson. Johnson's plea counsel requested Johnson be

placed on probation. After sentencing Johnson, the trial court advised Johnson of his rights under Rule 24.035. On September 6, 2018, the trial court found that Johnson did not successfully complete the probationary shock incarceration program and ordered Johnson to serve his full sentence.

On October 11, 2018, Johnson timely filed his *pro se* motion under Rule 24.035. On the same date, the trial court appointed counsel ("PCR counsel"). PCR counsel timely filed an amended motion on April 30, 2019, and the motion court held an evidentiary hearing on the amended motion on March 11, 2020. Johnson appeared at the evidentiary hearing by telephone deposition taken on February 25, 2020.

Plea counsel testified at the evidentiary hearing. She testified she "made [Johnson] aware that pursuant to an open plea it would be the Court who would decide his punishment, his sentence, which included a range all of the way from probation with no shock incarceration, all the way up to fifteen years in prison." She testified she advised Johnson of the nature of an open or blind plea and indicated Johnson wanted to enter such a plea. She testified she "absolutely" made Johnson aware shock probation was a possibility. She testified Johnson "passed out" but only after the trial court had completed sentencing and advised Johnson of his Rule 24.035 rights:

| [Plea counsel:] | No. [Johnson] was conscious the entire time. The Court pronounced sentencing. The Court asked [Johnson] if we -- I believe if we had reviewed the SAR, which is a Sentencing Assessment Report. |
|---|---|
| | . . . . |
| [Plea counsel:] | We went through all of that. [The trial court] pronounced sentencing. [The trial court] advised [Johnson] of [Johnson's] [Rule] 24.035 rights. And then [Johnson] fainted and hit [Johnson's] head. |

3

Plea counsel testified Johnson "seemed just fine" when the paramedics arrived. Plea counsel testified that, had Johnson fainted during sentencing, plea counsel would have objected to the trial court continuing with the sentencing hearing.

Johnson testified as follows by deposition at the evidentiary hearing: Plea counsel told him he would receive probation if he entered a guilty plea. A probation officer contacted Johnson's family in Wisconsin. Johnson understood probation meant he would be on supervised probation in Wisconsin. Plea counsel never advised him that placement in the 120-day shock incarceration program was a possibility. As to his fainting at the sentencing hearing, Johnson testified:

| [PCR counsel:] | And so what happened after the Court announced that sentence? |
| [Johnson:] | I don't know. I hit my head. |
| [PCR counsel:] | You hit your head. How did you hit your head? |
| [Johnson:] | I passed out and hit it on the back table. |
| [PCR counsel:] | And do you remember why you passed out? |
| [Johnson:] | I think I heard 12 years. |
| [PCR counsel:] | And is that what you believe your sentence was at the time? |
| [Johnson:] | Yes. |

Johnson testified he remembers nothing about the sentencing hearing after he hit his head, and that he only woke up after paramedics arrived. Johnson testified he was returned to jail, the sentencing hearing did not continue, and he could not address the trial court about his sentence. Johnson testified that, had he been able to address the trial court after his sentencing, Johnson would have told the trial court he "was told [he] would get probation and [he didn't] want 12 years."

The motion court admitted into evidence the ambulance report from the incident. The report states the paramedics found Johnson lying on the floor with a roll of paper towels under

his head. Johnson was breathing normally, had no abnormal signs of trauma, reported no abnormalities, and refused to be transported once informed of his options.

On October 7, 2021, the motion court denied Johnson's Rule 24.035 motion. In its judgment, the motion court found Johnson's testimony at the plea hearing credible, and Johnson's deposition testimony not credible. The motion court found Johnson's claims were contradicted by Johnson's testimony at the plea hearing, the sentencing transcript, and the testimony of plea counsel. Johnson appealed.

### Standard of Review

"This Court reviews judgments disposing of Rule 24.035 motions only to determine whether the motion court's findings of fact and conclusions of law are clearly erroneous." *Hatmon v. State*, No. SC 99591, 2023 WL 2586179, at *3 (Mo. banc Mar. 21, 2023) (citing *Hall v. State*, 528 S.W.3d 360, 361 (Mo. banc 2017); Rule 24.035(k)). "A judgment is clearly erroneous when, in light of the entire record, the court is left with the definite and firm impression that a mistake has been made." *Id.* (quoting *Swallow v. State*, 398 S.W.3d 1, 3 (Mo. banc 2013)). "This Court presumes the motion court's findings are correct." *May v. State*, 558 S.W.3d 122, 124 (Mo.App. 2018) (citing *Kerns v. State*, 389 S.W.3d 749, 752 (Mo.App. 2013)). "The movant bears the burden of showing by a preponderance of the evidence that the motion court clearly erred in its ruling." *White v. State*, 654 S.W.3d 743, 747 (Mo.App. 2022) (citing *Stacker v. State*, 357 S.W.3d 300, 303 (Mo.App. 2012)). "Credibility determinations are exclusively for the motion court, and we defer to those determinations." *Id.*

5

**Analysis**

Point I - Ineffective Assistance of Counsel

Johnson asserts his guilty plea was unknowing and involuntary because his plea counsel led him to believe he would receive straight probation if he entered a guilty plea.

"To obtain postconviction relief on the basis of ineffective assistance of counsel, a movant must satisfy the two-prong *Strickland* standard." *McFadden v. State*, 619 S.W.3d 434, 445 (Mo. banc 2020) (citing *Anderson v. State*, 564 S.W.3d 592, 600 (Mo. banc 2018)). "A movant must first demonstrate that counsel's performance was deficient." *Id.* "Performance is deficient if it fails to rise to the level of skill and diligence that would be demonstrated by a reasonably competent attorney under similar circumstances." *Id.* "A movant must then prove he was prejudiced by counsel's deficient performance." *Id.* (citing *Anderson*, 564 S.W.3d at 601). "Prejudice occurs when 'there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.'" *Id.* (quoting *Anderson*, 564 S.W.3d at 601). "Reasonable probability requires 'a probability sufficient to undermine confidence in the outcome.'" *Id.* (quoting *Tisius v. State*, 519 S.W.3d 413, 420 (Mo. banc 2017)). "If the defendant 'fails to satisfy either prong, we need not consider the other.'" *Staten v. State*, 624 S.W.3d 748, 750 (Mo. banc 2021) (quoting *State v. Simmons*, 955 S.W.2d 729, 746 (Mo. banc 1997)).

The motion court did not clearly err in finding Johnson's guilty plea was knowing and voluntary because Johnson did not establish that plea counsel's performance failed to conform to the degree of skill, care, and diligence of a reasonably competent attorney. Plea counsel unequivocally testified she advised Johnson of his potential sentence and advised him concerning the possibility of shock probation. "[A] motion court does not clearly err in denying a claim that

6

the movant was misled about his sentence where the attorney testifies at an evidentiary hearing the alleged misadvice was never given." ***Carden v. State***, 404 S.W.3d 386, 389 (Mo.App. 2013). Johnson acknowledged in writing that plea counsel informed him of the sentencing range. Johnson testified at the time of his plea he understood the sentencing range and was satisfied with his counsel. The motion court did not clearly err in finding all of this evidence credible and Johnson's contrary deposition testimony not credible. Point I is denied.

<u>Point II - Presence at Sentencing</u>

Johnson asserts the trial court violated his constitutional right to be present at every stage of his criminal proceedings, including sentencing, and that this violation amounts to a structural error requiring automatic reversal without showing prejudice. Johnson's counsel did not object to Johnson's lack of presence based on his fainting or otherwise seek a continuance of the sentencing hearing after Johnson fainted, and Johnson originally claimed ineffective assistance of counsel based on this failure to object before abandoning that point on appeal. Johnson now pursues only his structural error claim.

Johnson's claim that the trial court committed structural error when it "concluded the sentencing proceedings without affording him the opportunity to respond (i.e., to say something in reply) to the [trial] court's sentence in open court or to lodge his complaints, on record, about the assistance of counsel that he received before his remand to the [D]epartment of [C]orrections[,]" "is not cognizable in a post-conviction motion." ***Solis v. State***, 119 S.W.3d 172, 174 (Mo.App. 2003). "The failure to conduct a Rule 29.07(b)(4) examination simply cannot render a plea involuntary or a sentence unconstitutional or illegal, entitling a defendant to relief under Rule 24.035."[2] ***Id.*** "[T]he court's failure to examine the defendant *after the*

---

[2] As of the date of Johnson's sentence, Rule 29.07(b)(4) provided in relevant part:

*sentence is entered* about counsel's ineffectiveness certainly cannot be said to have affected either the voluntary nature of the plea or the length of the sentence." *Id.* Johnson had opportunity to lodge a complaint about counsel's performance and did so in his Rule 24.035 motion, which the motion court considered and denied after an evidentiary hearing. Point II is denied.

## Conclusion

The judgment of the motion court is affirmed.

GINGER K. GOOCH, J. - OPINION AUTHOR

DON E. BURRELL, J. - CONCURS

BECKY J. W. BORTHWICK, J. - CONCURS

---

(4) *Examination of Defendant.* If a defendant has a right to proceed under Rule 24.035 or Rule 29.15, the court at the conclusion of final sentencing shall advise the defendant of such right and shall examine the defendant as to the assistance of counsel received by the defendant. The examination shall be on the record and may be conducted outside the presence of the defendant's counsel. At the conclusion of the examination the court shall determine whether probable cause exists to believe the defendant has received ineffective assistance of counsel.